**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFEWATCH, INC., a New York corporation, ) <br> ) <br> Defendant. ) | Case No. <br><br><br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Ismael Salam ("Plaintiff") bring this class action complaint against Defendant Lifewatch Inc. ("Lifewatch"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**I.     NATURE OF THE ACTION**

1.     Lifewatch is a corporation that offers medical alert devices targeted for the elderly and the disabled. In an effort to market its products and services, Lifewatch made (or directed to be made on its behalf) phone calls *en masse* to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[1] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

---

[1] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

399812.1

-2-

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Lifewatch to call their wireless telephones.

3. By making such unauthorized calls, Lifewatch caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of such calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Lifewatch to cease all unconsented to wireless call activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Lifewatch, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6. This Court has personal jurisdiction over Lifewatch under the Illinois long-arm statute, 735 ILCS 5/2-209, because Lifewatch was engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Lifewatch because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Lifewatch, by making mass phone calls to wireless telephones in the State of Illinois, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

399812.1

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

8. Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

9. Defendant Lifewatch is a corporation organized and existing under the laws of the State of New York with its principal place of business located in Nassau County, New York. For purposes of 28 U.S.C. § 1332, Lifewatch is a citizen of the State of New York.

### IV. FACTUAL BACKGROUND

10. Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

-4-

11. Plaintiff has been the subscriber of the wireless telephone number ending in 1563 since 2004.

12. On or about December 12, 2013, Plaintiff received a call to his wireless telephone with the T-Mobile assigned number ending in 1563.

13. Plaintiff's caller identification system listed the calling number as (619) 490-1418.

14. Upon answering the call, a prerecorded message and/or artificial voice stated that the call was regarding the sale of medical alert devices.

15. The message asked Plaintiff to push "1" to speak to a representative.

16. After pushing "1," a representative informed Plaintiff that the medical alert devices were being sold by www.lifewatch-usa.com and that Plaintiff can either purchase the devices on the phone or online.

17. After an internet history search, Plaintiff discovered that Evan Sirlin registered the website www.lifewatch-usa.com on or around 2007.

18. According to the New York Department of State, Evan Sirlin is the Chief Executive Officer of Lifewatch.

19. Therefore, on information and belief, Lifewatch has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express consent as part of its advertising campaign.

20. Lifewatch made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

21. On information and belief, Lifewatch made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

22. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Lifewatch to call their wireless phones.

## V. CLASS ALLEGATIONS

23. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Lifewatch, Inc., placed by an automatic telephone dialing service or by an artificial or prerecorded voice (the "Class").

Excluded from the Class are Lifewatch and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

24. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

25. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Lifewatch's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Lifewatch's books and records. Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

26. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    whether Lifewatch's conduct constitutes a violation of the TCPA;

    b.    whether the equipment Lifewatch (or someone on Lifewatch's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.    whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    d.    whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Lifewatch's conduct; and

    e.    whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

27. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

28. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

29. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Lifewatch has acted or refused to act on grounds generally applicable to Plaintiff and the other

Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

30. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Lifewatch, so it would be impracticable for Class members to individually seek redress for Lifewatch's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

31. Plaintiff incorporate by reference the foregoing allegations as if fully set forth herein.

32. Lifewatch and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

-7-
399812.1

33. Lifewatch made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

34. Lifewatch utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

35. Lifewatch made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

36. By making the calls to Plaintiff and the Class, Lifewatch has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Lifewatch's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

37. Should the Court determine that Lifewatch's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ismael Salam, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Ismael Salam as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding of actual and statutory damages;

C. Requiring Defendant Lifewatch, Inc. to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: December 30, 2013                              **LITE DEPALMA GREENBERG, LLC**

By:   /s/ Katrina Carroll
One of the Attorneys for Plaintiff
And the Proposed Putative Class
Katrina Carroll
*kcarroll@litedepalma.com*
One South Dearborn
Suite 2100
Chicago, IL 60603
312.212.4383
Fax: 312.212.5919
Bar ID No. 6291405

399812.1