UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMAEL SALAM, individually and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No: 13-cv-09305 ) ) Honorable Judge Charles R. Norgle, Sr. |
| v. | ) ) |
| LIFEWATCH, INC., a New York corporation, | ) ) ) |
| Defendant | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Lifewatch, Inc., a New York corporation, in answer to Plaintiff's Complaint, states as follows:

1. Lifewatch is a corporation that offers medical alert devices targeted for the elderly and the disabled. In an effort to market its products and services, Lifewatch made (or directed to be made on its behalf) phone calls *en masse* to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[1] in violation of the Telephone consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA")

ANSWER: Paragraph one alleges legal conclusions and, as such, is improperly pleaded, and Defendant is not required to respond to those legal conclusions. To the extent a response is required to the legal conclusions including that set out in footnote 1, Defendant denies the allegations. Further answering, Defendant admits that it is a corporation and offers for sale medical alert devices for use by people including elderly people and disabled people. Defendant denies the remaining allegations of paragraph 1.

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired

---

[1] As of October 16, 2013, prior express **written** consent is required. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

7694v2 1

or permitted Lifewatch to call their wireless telephones.

ANSWER: Defendant denies the allegations of paragraph 2.

3. By making such unauthorized calls, Lifewatch caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of such calls, and the monies paid to their wireless carriers for the receipt of such calls.

ANSWER: Defendant denies the allegations of paragraph 3.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Lifewatch to cease all unconsented to wireless call activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

ANSWER: Defendant admits that the complaint purports to seek the remedies identified in this paragraph. Defendant denies the remaining allegations of paragraph 4 including the allegation that Defendant engaged in the conduct complained of, that Plaintiff was injured by Defendant, or that Plaintiff is entitled to the relief sought by him.

5. This Court has original jurisdiction over the claims in this action pursuant to 29 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Lifewatch, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

ANSWER: Defendant admits that Plaintiff has purported to plead a cause of action arising under the laws of the United States, denies that it engaged in the conduct on which the claim is allegedly based, denies that the amount in controversy exceeds $5,000,000, and lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

6. This Court has personal jurisdiction over Lifewatch under the Illinois long-arm statute, 735 ILCS 5/2-209, because Lifewatch was engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Lifewatch because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Lifewatch, by making mass phone calls to wireless telephones in the State of Illinois, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

ANSWER: Defendant denies the allegations of paragraph 6.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

ANSWER: Defendant denies the allegations of paragraph 7.

8. Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9. Defendant Lifewatch is a corporation organized and existing under the laws of the State of New York with its principal place of business located in Nassau County, New York. For purposes of 28 U.S.C. § 1332, Lifewatch is a citizen of the State of New York.

ANSWER: Defendant admits the allegations of paragraph 9.

10. Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodailers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives.*** These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from all initiation to answer, and duration of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

ANSWER: Paragraph 10 alleges conduct by entities other than Defendant, does not identify the "companies" it alleges engaged in the conduct referenced, and Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pre distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

11. Plaintiff has been the subscriber of the wireless telephone number ending in 1563 since 2004.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12. On or about December 12, 2013, Plaintiff received a call to his wireless telephone with the T-Mobile assigned number ending in 1563.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegation of paragraph 12 and therefore denies the same.

13. Plaintiff's caller identification system listed the calling number as (619) 490-1418.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegation of paragraph 13 and therefore denies the same.

14. Upon answering the call, a prerecorded message and/or artificial voice stated that the call was regarding the sale of medical alert devices.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegation of paragraph 14 and therefore denies the same.

15. The message asked Plaintiff to push "1" to speak to a representative.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegation of paragraph 15 and therefore denies the same.

16. After pushing "1," a representative informed Plaintiff that the medical alert devices were being sold by www.lifewatch-usa.com and that Plaintiff can either purchase the devices on the phone or online.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of the allegation of paragraph 16 and therefore denies the same.

17. After an internet history search, Plaintiff discovered that Evan Sirlin registered the website www.lifewatch-usa.com on or around 2007.

ANSWER: Defendant lacks sufficient information to form a belief as to the truth of

the allegation of paragraph 17 and therefore denies the same.

18. According to the New York Department of State, Evan Sirlin is the Chief Executive Officer of Lifewatch.

ANSWER: Defendant admits the allegation of paragraph 18.

19. Therefore, on information and belief, Lifewatch has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express consent as part of its advertising campaign.

ANSWER: Defendant denies the allegations of paragraph 19.

20. Lifewatch made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

ANSWER: Defendant denies the allegations of paragraph 20.

21. On information and belief, Lifewatch made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

ANSWER: Defendant denies the allegations of paragraph 21.

22. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Lifewatch to call their wireless phones.

ANSWER: Defendant denies the allegations of paragraph 22.

23. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Lifewatch, Inc., placed by an automatic telephone dialing service or by an artificial or prerecorded voice (the "Class").

Excluded from the Class are Lifewatch and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

ANSWER: Defendant admits that Plaintiff purports to bring the action in the manner

described in paragraph 23 and denies that it engaged in the conduct on which Plaintiff's allegation is based.

24. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

ANSWER: Defendant denies the allegations of paragraph 24.

25. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Lifewatch's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Lifewatch's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

ANSWER: Defendant denies the allegations of paragraph 25.

26. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

  a. whether Lifewatch's conduct constitutes a violation of the TCPA;

  b. whether the equipment Lifewatch (or someone on Lifewatch's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  c. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

  d. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Lifewatch's conduct; and

  e. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

ANSWER: Defendant denies the allegations of paragraph 26.

27. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

ANSWER: Defendant denies the allegations of paragraph 27.

28. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

ANSWER: Defendant denies the allegations of paragraph 28.

29. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Lifewatch has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole

ANSWER: Defendant denies the allegations of paragraph 29.

30. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available mans for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Lifewatch, so it would be impractical for Class members to individually seek redress for Lifewatch's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

ANSWER: Defendant denies the allegations of paragraph 30.

## COUNT I

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

ANSWER: Defendant incorporates by reference its Answers to paragraphs 1 through 30 as its answers to paragraph 31.

32. Lifewatch and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

ANSWER: Defendant denies the allegations of paragraph 32.

33. Lifewatch made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

ANSWER: Defendant denies the allegations of paragraph 33.

34. Lifewatch utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

ANSWER: Defendant denies the allegations of paragraph 34.

35. Lifewatch made the calls, or had them sent on its behalf, using an artifical and/or prerecorded voice.

ANSWER: Defendant denies the allegations of paragraph 35.

36. By making the calls to Plaintiff and the Class, Lifewatch has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Lifewatch's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

ANSWER: Defendant denies the allegations of paragraph 36.

37. Should the Court determine that Lifewatch's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

ANSWER: Defendant denies that there is any basis for any award against it or any basis to award punitive damages against it.

## LIFEWATCH, INC.'S AFFIRMATIVE DEFENSES

Lifewatch, by and through its attorneys, asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses as needed and as the litigation continues:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the principles of waiver, estoppel, unclean hands, and/or other equitable doctrines.

**THIRD AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff are not available at law to remedy the conduct alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of Plaintiffs' own actions, omissions, or conduct.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of third parties over whom Defendant has no control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has or had a business relationship with Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Lifewatch cannot be held vicariously liable for the allegedly offending telephone calls because Lifewatch did not initiate telemarketing calls and did not exercise sufficient control over the telemarketing methods, acts and/or practices to be liable for such conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he gave express written consent for the telephone calls at issue in this action.

## NINTH AFFIRMATIVE DEFENSE

Defendant specifically denies that it acted with any willfulness, knowledge, or malice toward Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing to sue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of primary jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

## JURY DEMAND

Defendant demands a jury trial of all claims asserted by Plaintiff that are triable to a jury.

WHEREFORE, Defendant, Lifewatch, Inc., asks that judgment be entered in its favor and against Plaintiff and for such other relief as this Court deems just.

LIFEWATCH, INC.

By: ___/s/ David B. Goodman_____
       One of Its Attorneys

David B. Goodman – dbg@greensfelder.com
Patrick Cotter – pcotter@greensfelder.com
Thadford A. Felton – taf@greensfelder.com
Courtney A. Adair – cadair@greensfelder.com
Greensfelder Hemker & Gale, P.C.
200 West Madison Street
Suite 2700
Chicago, Illinois 60606
(312) 419-9090
Firm ID No. 45175

7694v2            10

## **CERTIFICATE OF SERVICE**

I, David B. Goodman, an attorney, hereby certify that I caused a copy of the foregoing Answer to Complaint to be served on the parties listed below by depositing the same in the U.S. Mail at 200 West Madison Street, Chicago, Illinois before the close of business on the 30th day of October, 2014, with proper postage prepaid:

Katrina Carroll
One South Dearborn
Suite 2100
Chicago, Illinois  60603
312-212-4383
kcarroll@litedepalma.com

        ___/s/ David B. Goodman_____
        David B. Goodman