UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFEWATCH, INC., a New York corporation, )<br>)<br>Defendant. ) | Civil Action No. 1:13-cv-9305 |

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on December 1, 2014 by telephone.

    Kyle A. Shamberg, representing the Plaintiff, Mr. Salam; and
    Joseph Lipari and David Goodman, representing the Defendant, Lifewatch, Inc.

2. Initial Disclosures. The parties have completed the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

    The parties disagree as to whether discovery should be bifurcated, per Defendant's suggestion, with the first phase limited solely to certain class certification issues and the second phase addressing the merits. *See* Section 4(k), below. Accordingly, each party submits its own proposed discovery plan to the Court, as follows:

    **Plaintiff**

    (a) It is anticipated that discovery will be needed on these subjects:

    -Whether the call at issue, as well as other class to class members, was placed using an automatic telephone dialing system ("ATDS") or an automated or pre-recorded voice;
    -Whether the call at issue, as well as other calls to class members, was placed by or on behalf of Lifewatch;
    -Whether Lifewatch acted willfully or knowingly;
    -The number of people who received an unsolicited call from or on behalf of Lifewatch;
    -Lifewatch's telemarketing policy and practices;
    -Lifewatch's agreements with third-parties to conduct telemarketing on Lifewatch's

behalf; and
-Lifewatch's attempts, if any, to obtain consent from called consumers, or to confirm that consent had been obtained by third-parties.

(b) Fact discovery to be completed by May 1, 2015.

(c) Each party to serve a maximum of twenty five (25) interrogatories upon any other party, with responses due within thirty (30) days of service as set forth in Fed. R. Civ. P. 33(b)(2).

(d) Each party to serve a maximum of thirty five (35) requests for admission upon any other party, with responses due within thirty (30) days of service as set forth in Fed. R. Civ. P. 36(a)(3).

(e) Each party to conduct a maximum of ten (10) depositions.

(f) No deposition shall last longer than seven (7) hours, absent Court order, pursuant to Fed. R. Civ. P. 30(d)(1).

(g) Expert witness reports to be exchanged by June 1, 2015.

(h) The parties have a continuing requirement to serve supplements under Fed. R. Civ. P. 26(e), with any and all such supplements no later than the close of expert discovery.

### **Defendant**

(a) It is anticipated that discovery will be needed on these subjects:

-Whether plaintiff is an adequate class representative.
-Whether the putative class is ascertainable in view of, inter alia, the manner in which outside sales companies obtained customer accounts for Lifewatch.
-Whether Lifewatch or agents of Lifewatch violated the TCPA on December 12, 2013.
-Whether an auto-dialer was used in contravention of the TCPA.
-Whether plaintiff gave his consent to receive the telemarketing call.
-Whether Lifewatch knowingly and willfully violated the TCPA.

(b) As explained in more detail below, Lifewatch respectfully requests that discovery be bifurcated. The first phase (devoted to determining the threshold issues of whether the putative class is ascertainable and whether Mr. Ismael Salam is an adequate class representative) should be completed by March 1, 2015. The second phase (devoted to merits discovery), if necessary after a motion for certification, should be completed by July 1, 2015.

(c) Each party to serve a maximum of twenty five (25) interrogatories upon any other party, with responses due within thirty (30) days of service as set forth in Fed. R. Civ. P. 33(b)(2).

(d) Each party to serve a maximum of thirty five (35) requests for admission upon any other party, with responses due within thirty (30) days of service as set forth in Fed. R. Civ. P. 36(a)(3).

(e) Given the number of non-parties with relevant knowledge, more than 10 depositions per party may be necessary.

(f) No deposition shall last longer than seven (7) hours, absent Court order, pursuant to Fed. R. Civ. P. 30(d)(1).

(g) Expert witness reports to be exchanged by June 1, 2015.

(h) The parties have a continuing requirement to serve supplements under Fed. R. Civ. P. 26(e), with any and all such supplements no later than the close of expert discovery.

4. Other Items:

   (a) The parties do not wish to meet with the Court prior to the issuance of a Scheduling Order.
   (b) The parties do not request dates for pretrial conferences at this time.
   (c) Plaintiff to amend pleadings or add parties by February 1, 2015.
   (d) Defendant to amend pleadings or add parties by February 1, 2015.
   (e) Motions for summary judgment to be filed by August 1, 2015.
   (f) Plaintiff has served a settlement demand upon Defendant, but has received no response to date.
   (g) The parties are willing to engage in alternative dispute resolution, including mediation.
   (h) Parties to submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists by November 1, 2015.
   (i) Objections under Rule 26(a)(3) to be filed by November 22, 2015.
   (j) Plaintiff proposes a trial date of December 1, 2015, with an expected length of one week.
   Defendant also proposes a December 1, 2015 trial date and asserts that the length of trial is impossible to predict at this point. Given the case's complexity and numerous non-parties with relevant knowledge, Defendant requests that Plaintiff provide a trial plan pursuant to the Manual for Complex Litigation at the close of discovery.
   (k) As noted above, the parties disagree on whether bifurcation of discovery is warranted. The parties' respective positions on this point are as follows:

**<u>Plaintiff</u>**

Bifurcation of discovery is neither necessary nor advisable here. Although courts have

broad discretion to order discovery, a party moving for bifurcation "has the burden of showing 'good cause' for such an order." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (denying bifurcation). The benefits to be gained from bifurcating discovery in this one-plaintiff, one-defendant TCPA case are illusory, and Defendant cannot demonstrate good cause to attach such a limitation.

This is true mainly because of the significant commingling of "class certification" and "merits" discovery. For example, one of the primary issues in this case is whether Lifewatch made, or directed to be made on its behalf, calls using an ATDS or automated/pre-recorded voice, a question relevant not only to class certification issues (specifically, commonality and typicality) but also to the merits, *i.e.*, whether Lifewatch's conduct violated the Telephone Consumer Protection Act, 28 U.S.C. § 227, *et seq*. The intersection is unsurprising, as "class determination generally involves considerations that are en-meshed in the factual and legal issues comprising the plaintiff's cause of action." *In re Groupon Secs. Litig.*, 2014 U.S. Dist. LEXIS 26212, at *15 (N.D. Ill. Feb. 24, 2014) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011)). While Defendant suggests, below, that the only class certification issues relate to ascertainment of the class and adequacy of Mr. Salam to serve as a class representative, Plaintiff is dubious that Defendant will concede commonality, typicality, and numerosity at the certification stage – Defendant's first proposed phase is therefore not as "limited" and easily severable as Defendant indicates. Given this overlap, "bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery." *Id.*, at *14; *see also In re Rail Freight Fuel Surcharge Antitrust Litig.,* 258 F.R.D. 167, 174 (D.D.C. 2009) (finding that the "continued need for supervision and the increased number of disputes would further delay the case proceedings," and that "[s]uch prevention of the 'expeditious resolution of the lawsuit' would prejudice plaintiffs").

Indeed, Plaintiff has already been prejudiced by Defendant's dilatory discovery practices. Federal Rule of Civil Procedure 1 mandates that the Rules be applied to ensure the "just, speedy, and inexpensive determination of every action." In accordance with this maxim, as well as this Court's Individual Practice Rules regarding the informal exchange of discovery, Plaintiff provided Defendant with Rule 26(a)(1) disclosures on April 21, 2014. In response, former defense counsel refused to reciprocate by providing Defendant's Rule 26(a)(1) disclosures or to engage in a conference to set discovery parameters, citing the pendency of Defendant's motion to dismiss. Even after the Court denied Defendant's motion on September 24, 2014, former counsel did not respond to requests to provide initial disclosures or to schedule a discovery conference.

While current counsel has proven more responsive, this case has been pending for nearly a year and discovery is only now beginning in earnest. There simply is no need to further delay the expeditious prosecution of this case by splitting discovery into phases, likely only to increase the time and costs expended when, as noted above, "[e]ven if a stay of merits discovery is granted, the frequent overlap between merits and class certification inquiries may make its enforcement fraught with difficult line-drawing disputes." 1 McLaughlin on Class Actions § 3:10 (9th ed.); *see also Hartley-Culp v. Credit Mgmt. Co.,* 2014 U.S. Dist. LEXIS 130308, at *9 (M.D. Pa. Sept. 15, 2014) (denying Defendant's motion to bifurcate discovery in TCPA case,

finding that Plaintiff would be prejudiced and that bifurcation would "increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions").

Consequently, Plaintiff respectfully requests that the Court deny Defendant's request to bifurcate discovery and enter a discovery schedule in accordance with Plaintiff's proposed schedule, above.

**Defendant**

Class action discovery is generally time-consuming, labor-intensive, and expensive for litigants and for the courts. A more efficient approach involves bifurcating discovery, so that, in the first phase, the parties focus on the issue of whether class certification is appropriate and then, following a ruling on class certification, the parties conduct merits-related discovery as is appropriate to the litigation at that stage. Bifurcation also directly serves FRCP R. 23's requirement that courts must, "[a]t an early practicable time after a person sues or is sued as a class representative determine by order whether to certify the action as a class action."

Lifewatch respectfully requests that the court issue an order directing that discovery be bifurcated as follows: the first phase of discovery will be devoted to determining, as a threshold matter, whether the putative class is ascertainable and whether Mr. Ismael Salam is an adequate class representative. The second phase, if necessary, will involve merits discovery. Bifurcated discovery is appropriate and will be more efficient than a unitary discovery approach. This is because, *inter alia*, merits and class issues in this case are distinct and there will be no significant overlap. The limited class certification issues in this case are as follows:

Ascertainment – Conducting discovery relative to third party, outside sales companies will allow the parties to determine if documents exist that would enable the class to be ascertained as required under FRCP R. 23. By way of background, Lifewatch provides medical alert products and services to elderly, seriously ill, and disabled individuals. Lifewatch sought ways to expand its customer base. So, it entered into Purchase Agreements with various outside sales companies. Pursuant to these Purchase Agreements, the outside companies originated customer accounts and then offered to sell those accounts to Lifewatch—and others—on a non-exclusive basis. Lifewatch did not telemarket and did not exercise control over these outside companies' sales methods. Instead, Lifewatch specified that the outside sales companies from which it purchased customers had to assure compliance with all applicable state and federal laws.

Accordingly, Lifewatch does not have any records reflecting who, if anyone, received telemarketing calls. If those records exist they are scattered among dozens of outside sales companies – many of which are now defunct - across the country.

Adequacy of Class Representative – Conducting discovery relative to third party, outside sales companies will also allow the parties to determine if Mr. Salam is an adequate representative and/or proxy for putative class members' claims as required under FRCP R.

23. Plaintiff's complaint alleges that Mr. Salam received the call on which his claim is predicated on December 12, 2013. But Lifewatch believes that discovery will establish that on the date in question, it did not initiate telemarketing calls or engage others to make telemarketing calls on its behalf. Rather, at the time alleged in the complaint, Lifewatch entered into contracts with third-parties to purchase on a non-exclusive basis contracts into which those entities entered. Under those contracts, the third parties from which Lifewatch purchased contracts reserved the right to sell those contracts to any entities they chose at their discretion. Moreover, those third parties represented inter alia, that: a) they would comply with applicable state and federal telemarketing laws; and b) they would enter into contracts for their own accounts with customers for a wide variety of products and services and then sell contracts to various purchasers, including but not limited to the company. Lifewatch expects that discovery will show that, as a matter of law, Mr. Salam could not have been contacted on December 12, 2013 by Lifewatch or Lifewatch's "agent," which is necessary to find Lifewatch liable for TCPA violations.

Date: December 19, 2014 */s/ Kyle A. Shamberg*

        Kyle A. Shamberg
        211 W. Wacker Drive
        Suite 500
        Chicago, IL 60613
        kshamberg@litedepalma.com
        (312) 750-1265

Date: December 19, 2014 */s/ Joseph Lipari*

        Joseph Lipari
        77 Water Street, 8th Floor
        New York, NY, 10005
        liparij@thesultzerlawgroup.com
        646-722-4266