*CC*

**FILED**

JUN 23 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE LIFEWATCH, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | MDL Docket No.<br><br>13cv9305 |

## PLAINTIFF ISMAEL SALAM'S MOTION FOR TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407

Plaintiff Ismael Salam ("Plaintiff"), in the case styled *Salam v. Lifewatch, Inc.*, 13-cv-9305 (N.D. Ill. 2013) hereby moves for an Order of transfer and consolidation under 28 U.S.C. § 1407 of the following actions:

- *Donaca v. Lifewatch, Inc.*, EDCV-13-02064 (C.D. Cal. 2013);

- *Salam v. Lifewatch, Inc.*, 13-cv-9305 (N.D. Ill. 2013); and

- *Bank v. Lifewatch, Inc., et al.*, 1:15-cv-02278 (E.D.N.Y. 2015).

Plaintiff's Motion should be granted and these actions, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court for the Central District of California, Eastern Division, to proceed before the Honorable Jesus G. Bernal.

Dated: June 19, 2015

Respectfully submitted,

By:     */s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265

**DITOMMASO LUBIN, P.C.**
Vincent L. DiTommaso
vdt@ditommasolaw.com
Peter S. Lubin
psl@ditommasolaw.com
17W 220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000

*Attorneys for Plaintiff Ismael Salam and
the Putative Class*

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| IN RE LIFEWATCH, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | MDL Docket No. |
|---|---|

## PLAINTIFF ISMAEL SALAM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407

Plaintiff Ismael Salam ("Plaintiff") submits this Memorandum of Law in support of his Motion for Transfer for Coordinated or Consolidated Pretrial Proceedings. As explained more fully below, Plaintiff believes that the three nearly identical cases pending in three different District Courts against Lifewatch, Inc. ("Lifewatch" or the "Defendant") should be consolidated in the Central District of California before Judge Jesus G. Bernal, home of the first-filed and furthest advanced case.

## I. INTRODUCTION

The three class actions comprising this proposed multidistrict litigation all make strikingly similar allegations against the same Defendant; namely, that Lifewatch (or a third party authorized by Lifewatch) engaged in telemarketing via an automatic telephone dialing system, which enabled Lifewatch to make calls *en masse* to the telephones of random individuals without their prior express written consent in an effort to solicit new customers for its medical alert products and related monitoring services. Each action seeks certification of a similar class of persons based on the same or similar conduct on the part of Lifewatch.

In the last three years, this Panel has held that nine groups of actions involving similar claims under the TCPA satisfied the standard for transfer under 47 U.S.C. § 1407. *See In re: Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2564, 2014 WL 5314608,

at *1 (J.P.M.L. Oct. 15, 2014); *In re First Nat'l Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 11 F. Supp. 3d 1353, 1355 (J.P.M.L. 2014); *In re Collecto, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 999 F. Supp. 2d 1373 (J.P.M.L. 2014); *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 988 F. Supp. 2d 1364 (J.P.M.L. 2013); *In re Convergent Tel. Consumer Prot. Act Litig.*, 981 F. Supp. 2d 1385 (J.P.M.L. 2013); *In re Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1368 (J.P.M.L. 2012); *In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380 (J.P.M.L. 2011).

The Panel should do the same here, especially in light of the fact that, though only three actions are currently pending, Lifewatch has consistently rebuked the plaintiffs' efforts at informal coordination, choosing instead to conduct duplicitous litigation at the increased expense and inconvenience of all parties and the several federal courts where the Actions are pending. Centralization by this Panel is therefore the only way to ensure that resources are preserved and rulings are consistent for these actions that all make common allegations based on common facts under common, controlling law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Central District of California Action

On November 8, 2013, the action styled *Donaca v. Lifewatch, Inc.*, EDCV-13-02064-JGB (the "*Donaca* Action") was filed in the Central District of California.[1] The *Donaca* Action

---

[1] A First Amended Complaint dated January 23, 2014 replaced the original named plaintiff with Donaca. Counsel for Plaintiff has already entered appearances on behalf of the plaintiff in *Donaca*.

proposes a class comprised of "[a]ll individuals who within the past four years who (*sic*) (i) received one or more RoboCalls from Defendants without express prior consent and in the absence of an emergency; and/or (ii) received one or more RoboCalls, Sales Calls, and/or combined RoboCalls/Sales Calls from Defendants in connection with which Defendants transmitted false or absent caller identification information."[2]

The *Donaca* Action is the first-filed and most advanced of the three related actions, as the parties have briefed and argued successive motions to dismiss, entered into an agreed protective order, and exchanged written discovery; the Honorable Jesus G. Bernal, moreover, approved last month a revised scheduling order in *Donaca* for the purposes of achieving efficient use of judicial resources by the minimization of duplicative discovery and resolution of common legal issues.

**B.     The Northern District of Illinois Action**

On December 30, 2013, Plaintiff filed the action styled *Salam v. Lifewatch, Inc.*, 13-cv-9305 (the "*Salam* Action"), in the Northern District of Illinois. The *Salam* Action proposes a class comprised of "[a]ll individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Lifewatch, Inc., placed by an automatic telephone dialing service or by an artificial or prerecorded voice."

The parties in the *Salam* Action have briefed and argued Defendant's motion to dismiss, entered an agreed protective order, and engaged in limited written discovery (Plaintiff served interrogatories and requests for production on Defendant, who provided responses and documents, but Defendant has not served any written discovery on Plaintiff to date).

---

[2] Lifewatch is the only explicitly named defendant in the *Donaca* Action. The other named "defendants" are so-called "Doe Defendants," unidentified entities who allegedly made the calls at issue, or caused those calls to be made, on behalf of Lifewatch.

### C. The Eastern District of New York Action

On April 22, 2015, the action styled *Bank v. Lifewatch, Inc., et al.*, 1:15-cv-02278-JG-VMS (the "*Bank* Action"), was filed in the Eastern District of New York.[3] The *Bank* Action proposes a class comprised of "all persons to whose residential or cellular telephone number Safe Home Security, Lifewatch, and Lifewatch Security, or third parties acting with the authorization of Safe Home Security, Lifewatch, and Lifewatch Security, placed one or more Automated Calls during the period beginning four years prior to the commencement of this action until the date of said commencement." The *Bank* Action also proposes a subclass comprised of individuals with New York telephone numbers. No discovery has yet been conducted in the *Bank* Action.

### D. Plaintiffs' Attempts at Self-Coordination

In late March 2015, counsel for the plaintiff in the *Donaca* Action reached out to counsel for Plaintiff, proposing that, given the overlapping factual and legal issues in their respective cases, the plaintiffs work together to coordinate their efforts and to cut down on repetitive motion practice and discovery. The plaintiffs in *Donaca* and *Salam* believed such collaboration to be in the best interest of all parties, including Lifewatch, as it would prevent the need to serve the same documents multiple times, to notice the depositions of key witnesses (including Defendant's 30(b)(6) witness) multiple times, and to limit the burden on third-parties in responding to discovery requests, including subpoenas *duces tecum* and *ad testificandum*.

In April 2015, the *Donaca* and *Salam* plaintiffs proposed this course of action to counsel for Lifewatch and the parties engaged in a conference call to discuss the potential for coordination. Lifewatch ultimately refused any coordination whatsoever between *Donaca* and *Lifewatch*, choosing instead to waste the parties' resources defending these similar actions in

---

[3] The *Donaca, Salam, and Bank* Actions will be referenced collectively as the "Related Actions."

separate fora. Given this recalcitrance, Plaintiff has filed this transfer motion in an effort to save time and money for the involved litigants and the courts, as well as to ensure consistency in all pre-trial rulings across the Related Actions.

## III. ARGUMENT

### A. The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407

Actions containing allegations with common questions of fact may be transferred and consolidated under § 1407 if transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers the following four factors in deciding whether to transfer a case under § 1407:

a. the elimination of duplication in discovery;

b. the avoidance of conflicting rules and schedules;

c. the reduction of litigation cost; and

d. the conservation of the time and effort of the parties, attorneys, witnesses and courts.

*See,* Manual for Complex litigation (Third) § 31.131 (1995) (citing *In re Plumbing Fixture Cases,* 298 F. Supp. 484 (J.P.M.L. 1968)).

The Related Actions should be transferred and consolidated pursuant to § 1407 as they involve the same allegations and legal standards. Unless the Related Actions are consolidated, the parties will incur excessive costs due to duplicative discovery and face the risk of inconsistent rulings on a variety of matters. Since 2011, this Panel has held that cases involving TCPA allegations similar to the claims found here satisfied that standard. *See* Section I, *supra.* For the following reasons, the Panel should conclude the same here.

### i. The Litigation Involves Commons Questions of Fact

The Complaints in the Related Actions clearly present common questions of fact. Each Complaint is based on allegations that Lifewatch made unsolicited calls to the class members' telephones in violation of the TCPA. Each action will require the following core factual inquiries: whether Lifewatch's conduct constitutes a violation of the TCPA; whether the equipment Lifewatch and/or an entity acting on Lifewatch's behalf used to place the calls in question was an automatic telephone dialing system as contemplated by the TCPA; whether plaintiffs and the class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s); whether plaintiffs and the class are entitled to treble damages based on the willfulness of Lifewatch's conduct; and whether plaintiffs and the class are entitled to equitable relief, including but not limited to injunctive relief and restitution. *See In re First Nat'l Collection Bureau*, 11 F. Supp. 3d at 1355 ("These actions share factual questions relating to allegations that FNCB placed debt collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent."). In addition, the Complaints generally seek certification of similar classes.

Section 1407 "does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542, – F. Supp. 2d –, 2014 WL 2547817, at *1 (J.P.M.L. June 3, 2014) (quotation omitted). Here, the legal issues are essentially identical, as each Related Action asserts claims under the *same* provision of the TCPA. *See In re Airport Car Rental Antitrust Litig.*, 448 F. Supp. 273, 275 (J.P.M.L. 1978) ("We find that these six actions involve common questions of fact concerning the alleged conspiratorial activities of the defendants and that centralization of these actions in the Northern District of California for coordinated or

consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.").

### ii. The Parties Face Duplicative Discovery Absent Consolidation

Because the allegations of all the Related Actions are essentially the same, the parties face duplicative discovery if the cases are not consolidated and transferred. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *Resource Exploration Inc. Sec. Litig.,* 483 F. Supp. 817, 821 (J.P.M.L. 1980).

The parties in these Related Actions will necessarily engage in duplicative discovery. All plaintiffs will be seeking the same documentation from Lifewatch. In response, Lifewatch will raise the same class certification objections and discovery objections, seek the same protective orders, and assert the same privileges in each case. Furthermore, the parties are likely to depose the same people. However, if the Panel consolidates and transfers the cases, the parties will coordinate their efforts and thus save all parties time and money. *See In re Rembrandt Techs., LP, Patent Litig.,* 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007) (stating that the assigned transferee judge can minimize unnecessary inconvenience and expense through a pretrial discovery plan that "consider[s] all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands."); *In re Portfolio Recovery Assocs.,* 846 F. Supp. 2d at 1381 ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.").

7

These efficiencies can be achieved even where there are relatively few courts and parties currently involved. *See In re: Life Time Fitness*, 2014 WL 5314608, at *1 ("Although there are relatively few parties and actions at present, all parties argue, and we agree, that efficiencies can be gained from having these actions proceed in a single district."); *In re First Nat'l Collection Bureau*, 11 F. Supp. 3d at 1353-54 (same). This holds true even where there is some inconvenience to individual parties. *See In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) (considering transfer based on the "expeditious resolution of the litigation taken as a whole"). This is also particularly pertinent here, where Lifewatch has declined repeated invitations at informal coordination and cooperation, making clear that such self-ordering simply cannot be realized and Panel intervention is needed.

### iii. Transfer and Consolidations Will Prevent Inconsistent Pretrial Rulings

Transfer and consolidation is warranted when there is the possibility of inconsistent rulings on pretrial issues. *See In re Enron Securities Derivative & ERISA Litig.*, 196 F.Supp.2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because the Complaints present similar allegations, and future-filed cases will contain similar allegations, the possibility of inconsistent rulings on pretrial motions is substantially increased.

Lifewatch is likely to present the same pretrial motions in each action and assert the same discovery objections and privileges. As an example, Lifewatch has already filed motions to dismiss in the *Donaca* and *Salam* Actions. Lifewatch is likely to file the same motion in the *Bank* Action. Furthermore, Plaintiff anticipates that Lifewatch will file similar motions for summary judgment and briefs in opposition to class certification. Inconsistent rulings on those dispositive and class certification motions would pose a serious problem to the interests of justice

8

because the purported class is, and likely will remain, generally the same in each action. *See, e.g., In re: Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, MDL No. 2548, – F. Supp. 2d –, 2014 WL 2616818, at *1 (J.P.M.L. June 11, 2014) ("Centralization will . . . prevent inconsistent pretrial rulings (particularly as to class certification) . . . ."); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L.1975) ("We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists."). In addition, because of the similarity in the allegations, Lifewatch will assert the same defenses in opposition to the plaintiffs' claims, creating a plausible risk of inconsistent pretrial rulings.

Because of these risks, it would be in the best interests of all involved — the parties, the witnesses, and the courts — to consolidate and transfer these actions.

### iv. There is Sufficient Numerosity to Support Transfer and Consolidation

As stated above, there are currently three cases pending, one in the Central District of California, one in the Northern District of Illinois, and one in the Eastern District of New York. Plaintiff anticipates that additional, similar actions will be filed in the future.

In any event, the Panel has routinely ordered transfer and consolidation of three or fewer cases. *See In re Wireless Telephone Replacement Protection Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases

9

involving patent and antitrust issues); *In re Alodex Corp.,* 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions). And, again, while Plaintiff is aware of the Panel's past reliance on voluntary coordination and cooperation among the parties when the number of cases at issue is relatively limited, such cooperation does not seem feasible in light of Lifewatch's demonstrated unwillingness to do so. As a result, there is sufficient authority for the transfer and consolidation of the Actions.

**B. The Related Actions Should be Consolidated in the Central District of California**

The Related Actions should be transferred and consolidated in the Central District of California before the Honorable Jesus G. Bernal, currently presiding over the *Donaca* Action. That Action, the first and farthest advanced, was filed approximately eighteen (18) months ago, during which time Judge Bernal has become intimately acquainted with the facts and legal issues involved in *Donaca* and in this litigation generally. *In re Caterpillar, Inc.,* 2014 WL 2616818, at *1 ("We conclude that [the] District of New Jersey is the most appropriate transferee district for pretrial proceedings in this litigation. This district, which is supported in the alternative by all the plaintiffs, is a convenient and accessible forum with the resources to devote to this litigation. The action pending the District of New Jersey is also relatively advanced, with discovery already begun"); *In re Aircraft Acci. at Barrow,* 474 F. Supp. 996, 1000 (J.P.M.L. 1979) (consolidating four actions in the District of Columbia, in part, because the discovery schedule in that District was most advanced). Indeed, since joining the bench, Judge Bernal has issued dozens of decisions in class action cases, including multiple rulings on class certification.

10

Judge Bernal enjoys generally favorable docket conditions and is not currently overseeing any MDLs.[4] Judge Norgle in the Northern District of Illinois, on the other hand, is already overseeing MDL 1604, and Judge Gleeson in the Eastern District of New York is overseeing two MDLS (Nos. 1775 and 2331, comprising nearly 1,000 individual cases).[5]

The Central District of California, Eastern Division, located in Riverside, CA, is also easily accessible to the parties in the Related Actions. Part of the Greater Los Angeles area, Riverside is a short drive from several airports including LAX, one of the busiest airports in the world, and Riverside is served by three major freeways, the I-215, the State Route 60, and the State Route 91. Plaintiff anticipates that Lifewatch will oppose consolidation or, in the alternative, proffer the Eastern District of New York as the appropriate transferee court, given that it is headquartered there and one of the Related Actions is pending in that court. However, the *Bank* action—which was filed only two months ago—is by far the least advanced of the Related Actions, as Lifewatch has not yet served a responsive pleading and no discovery has taken place. Regardless, Lifewatch would suffer little to no prejudice were these cases to be centralized in California rather than New York. Lifewatch, like most companies today, maintains the vast majority of its records and documents in electronic databases. Most, if not all, of the relevant discovery will therefore be stored and produced electronically, and this process will not be burdened in any way if these cases are litigated in California. In fact, counsel for Lifewatch, the Sultzer Law Group, maintains an office in Los Angeles.

Accordingly, the Central District of California is the most appropriate transferee forum for this litigation.

---

[4] *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2015.pdf (last visited June 16, 2015).
[5] *Id.*

## IV. <u>CONCLUSION</u>

Based upon the foregoing, Plaintiff Ismael Salam's Motion for Consolidation and Transfer Under § 1407 should be granted and these Related Actions, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court for the Central District of California, Eastern Division, to proceed before the Honorable Jesus G. Bernal.

Dated: June 19, 2015                                Respectfully submitted,


By:     */s/ Katrina Carroll*
        Katrina Carroll
        *kcarroll@litedepalma.com*
        Kyle A. Shamberg
        *kshamberg@litedepalma.com*
        LITE DEPALMA GREENBERG, LLC
        211 W. Wacker Drive
        Suite 500
        Chicago, Illinois 60606
        312.750.1265

        DITOMMASO LUBIN, P.C.
        Vincent L. DiTommaso
        vdt@ditommasolaw.com
        Peter S. Lubin
        psl@ditommasolaw.com
        17W 220 22nd Street, Suite 410
        Oakbrook Terrace, Illinois 60181
        (630) 333-0000

        *Attorneys for Plaintiff Ismael Salam and*
        *the Putative Class*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT ITIGATION**

MDL Docket No. 15-79 In re Lifewatch, Inc., Telephone Consumer Protection Act

**SCHEDULE OF ACTIONS**

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Matthew Donaca **Defendants:** Lifewatch, Inc.; Evan Sirlin, Individually; Evan Sirlin, Chief Executive Officer of Lifewatch; | C.D California | 5:13-cv-2064 | Jesus G. Bernal |
| **Plaintiff:** Ismael Salam **Defendants:** Lifewatch, Inc. | N.D. Illinois | 1:13-cv-9305 | Charles R Norgle, Sr. |
| **Plaintiff:** Todd C. Bank **Defendants:** Lifewatch, Inc.; Lifewatch Security, Inc.; Safe Home Security, Inc. | E.D. New York | 1:15-cv-2278 | John Gleeson |

Dated: June 19, 2015

LITE DEPALMA GREENBERG, LLC

By:    */s/ Katrina Carroll*
       Katrina Carroll
       *kcarroll@litedepalma.com*
       Kyle A. Shamberg
       *kshamberg@litedepalma.com*
       211 W. Wacker Drive
       Suite 500
       Chicago, Illinois 60606
       312.750.1265

       **DITOMMASO LUBIN, P.C.**
       Vincent L. DiTommaso
       vdt@ditommasolaw.com
       Peter S. Lubin
       psl@ditommasolaw.com
       17W 220 22nd Street, Suite 410
       Oakbrook Terrace, Illinois 60181
       (630) 333-0000

       ***Attorneys for Plaintiff Ismael Salam and
       the Putative Class***

493855.1

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT ITIGATION**

MDL Docket No. 15-79 In re Lifewatch, Inc., Telephone Consumer Protection Act

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this

Certificate of Service was served by electronic mail on June 19, 2015 to the following:

*__Donaca v. Lifewatch, Inc.:__*

| | |
|---|---|
| Chad C. Austin, Esq.<br>The Law office of Chad C. Austin<br>4632 Berwick Drive<br>San Diego, CA 92117<br>Email: Chadcaustin@gmail.com<br>*Counsel for Matthew Donaca* | Stephen J. Simoni, Esq.<br>Simoni Consumer Class Action Law<br>Offices<br>12131 Turberry Drive<br>Suite 100<br>Rancho Mirage, CA 92270<br>Email: stephensimonilaw@gmail.com<br>*Counsel for Matthew Donaca* |
| Peter S. Lubin, Esq.<br>DiTommaso Lubin<br>17w200 Twentysecond Street<br>Suite 410<br>Oakbrook Terrace, IL 60181<br>Email: psl@ditommasolaw.com<br>*Counsel for Matthew Donaca* | Jason P. Sultzer, Esq.<br>The Sultzer Law Group PC<br>85 Civic Center Plaza<br>Suite 104<br>{pigjlee[soe. MU 12601<br>Email: sultzerj@thesultzerlawgroup.com<br>*Counsel for Lifewatch Inc.; Evan Sirlin,<br>Invduallly; and Evan Sirlin, CEO of<br>Lifewatch Inc.* |
| Jean M. Sedlak, Esq.<br>Joseph Lipari, Esq.<br>The Sultzer Law Group<br>77 Water Street<br>New York, NY 10005<br>Email: sedlakj@thesultzerlawgroup.com<br>    liparij@thesultzerlawgroup.com<br>*Counsel for Lifewatch Inc.; Evan Sirlin,<br>Invduallly; and Evan Sirlin, CEO of<br>Lifewatch Inc.* | William H. Armstrong, Esq.<br>Armstrong and Associates, LLP<br>2718 Clarellen Street<br>Torrance, CA 90505<br>Email: Bill.Armstrong@armstrongetal.com<br>*Counsel for Lifewatch Inc.; Evan Sirlin,<br>Invduallly; and Evan Sirlin, CEO of<br>Lifewatch Inc.* |

*Salam v. Lifewatch*

| | |
|---|---|
| Andrew Charles Murphy, Esq.<br>John Auchter, Esq.<br>John Robert McInerney, Esq.<br>Patrick Doyle Austermuehle, Esq.<br>Peter Scott Lubin, Esq.<br>VincentLouis DiTommaso, Esq.<br>DiTommaso Lubin, P.C.<br>17w 220 22nd Street<br>Suite 410<br>Oakbrook Terrace, IL 60181<br>Email: amurphy@ditommasolaw.com<br>jauchter@ditommasolaw.com<br>jrm@ditommasolaw.com<br>paustermuehle@ditommasolaw.com<br>psl@ditommasolaw.com<br>vdt@ditommasolaw.com<br>*Counsel for Ismael Salam* | David Benjamin Goodman, Esq.<br>Patrick John Cotter, Esq.<br>Greensfelder Hemker & Gale, P.C.<br>200 W. Madison Street<br>Suite 2700<br>Chicago, IL 60606<br>Email: dbg@greensfelder.com<br>pcotter@greensfelder.com<br>*Counsel for Lifewatch, Inc.* |
| Christine Elizabeth Skoczylas, Esq.<br>Mark Paul Miller, Esq.<br>Barnes & Thornburg, LLP<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606<br>Email: Christine.Skoczylas@btlaw.com<br>mmiller@btlaw.com<br>*Counsel for Lifewatch, Inc.* | |
| ***Bank v. Lifewatch Inc.:***<br>Todd C. Bank<br>Pro Se<br>119-40 Union Turnpike<br>4th Floor<br>Kew Gardens, NY 11415<br>Email: tbank@toddbanklaw.com | |

and served via regular mail to the following:

| | |
|---|---|
| Clerk, U.S. District Court<br>Central District of California<br>Eastern Division<br>Riverside Courthouse<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501-3801 | Clerk, U.S. District Court<br>Northern District of Illinois<br>Eastern Division<br>Everett McKinley Dirksen United States<br>Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 |

| Clerk, U.S. District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | |

Dated: June 19, 2015

LITE DEPALMA GREENBERG, LLC

By:    */s/ Katrina Carroll*
Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265

***Attorneys for Plaintiff Ismael Salam and
the Putative Class***

493861.1