## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 13-cv-9305 |
| | ) | Judge Charles R. Norgle, Sr. |
| Plaintiff, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| v. | ) | |
| | ) | |
| LIFEWATCH, INC., a New York corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PRODUCED BY DEFENDANT TO THE FEDERAL TRADE COMMISSION AND/OR THE FLORIDA ATTORNEY GENERAL

Plaintiff Ismael Salam, by and through his attorneys, Lite DePalma Greenberg, LLC, respectfully requests that the Court grant his Motion to Compel Production of Documents Produced by Defendant Lifewatch, Inc. ("Lifewatch") to the FTC and/or the Florida Attorney General.

## I. FACTS

On or around September 3, 2015, Plaintiff served Lifewatch with Plaintiff's Second Set of Requests for Production of Documents Directed to Defendant Lifewatch, Inc. ("Second RFPs"). A true and correct copy of the Second RFPs is attached hereto as **Exhibit A**. Plaintiff seeks two categories of documents from Lifewatch:

Request No. 39:  All documents you provided to or otherwise caused to be received by the FTC in response to the Investigation, or as a result of a request or subpoena by the FTC before, during or after the course of the Investigation.

Request No. 40:  All documents you provided to or otherwise caused to be received by the [Attorney General for the State of Florida] in response to the

Investigation, or as a result of a request or subpoena by the FL AG before, during or after the course of the Investigation.

Exhibit A, Second RFPs 39, 40.

As used in the Second RFPs, the term "Investigation" is to be "construed to mean the investigation conducted by the Federal Trade Commission ("FTC") and/or the Attorney General for the State of Florida ("FL AG"), which culminated in a complaint filed or on about June 30, 2015." Exhibit A at Definitions and Instructions, ¶ 13. The referenced complaint ("FTC Complaint"), which was filed by the FTC and the Attorney General for the State of Florida in this District ("FTC Action"), seeks a permanent injunction against Lifewatch's deceptive and abusive telemarketing practices, including its robo-calling campaign – *the same exact course of conduct that gave rise to the TCPA violations at issue in this litigation*. A copy of the FTC Complaint is attached hereto as **Exhibit B**.

On or around October 2, 2015, Lifewatch responded to the Second RFPs. A true and correct copy of Lifewatch's response is attached hereto as **Exhibit C**. Lifewatch objected to both Second RFPs as follows:

Lifewatch objects inasmuch as this request is overbroad, unlimited in scope, calls for production of information not reasonably calculated to lead to discovery, and seeks to obtain information that is confidential and protected from disclosure by 15 USCS § 57b-2 and 16 C.F.R. § 4.10.

Exhibit C, Responses to Second RFPs Nos. 39, 40.

In compliance with Local Rule 37.2, the parties held a telephonic meet and confer on October 14, 2015. Lifewatch refused to produce the requested documents, and Plaintiff's counsel declared an impasse.

## II.    ARGUMENT

The objections raised by Lifewatch to the Second RFPs do not have any merit. A party objecting to the production of relevant information on the ground that it is unduly burdensome

has the burden to prove the extent of that burden. *Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892, at *6 (N.D. Ill. Aug. 2, 2006) ("If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper; *see also Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); Fed. R. Civ. P. 34(b). "That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Burkybile*, 2006 U.S. Dist. LEXIS 57892 at *6 (quoting *Swift v. First USA Bank*, 1999 U.S. Dist. LEXIS 19474 (N.D. Ill. Dec. 15, 1999)).

**First**, the Second RFPs are not "overbroad" or "unlimited in scope." The Second RFPs are narrowly tailored to the documents produced by Lifewatch to the FTC and Florida AG in connection with their Investigation into Lifewatch's telemarketing practices. These documents have already been produced by Lifewatch and, apparently, total less than 10,000 pages.[1] Moreover, the Second Requests are also temporally restricted to the period of January 1, 2011 to the present. Exhibit A, Definitions and Instructions at ¶ 14. Accordingly, Lifewatch's objections to the Second RFPs as "overbroad" or "unlimited in scope" should be discarded.

Defense counsel's characterization of the requests as "blunderbuss" and insufficiently narrow, *see* October 14, 2015 Email attached hereto as **Exhibit E**, lack merit for the same reasons. The requests target a discrete, identifiable set of documents that Lifewatch has already reviewed, organized, and produced to the FTC and Florida AG. It is in fact Lifewatch that has

---

[1] According to a declaration by the FTC investigator who is the custodian of the documents and records produced by Lifewatch in the FTC Action, the FTC issued a Civil Investigative Demand for Production of Documents and Answer to Written Interrogatories ("CID") to Lifewatch in March 2014. Menjivar Decl. (without attachments) at ¶ 23 (filed in support of FTC and Florida AG's motion for permanent injunction in FTC Action), a true and correct copy of which is attached hereto as **Exhibit D**. The FTC received responses from Lifewatch on multiple occasions between March 24, 2014 through June 5, 2014; the documents and materials produced by Lifewatch are Bates-numbered FTC00001 – FTC09262. *Id.*

"waste[d] judicial resources and party resources," *id.*, by refusing to simply produce these documents as fairly and reasonably requested.

**Second**, the production of the requested documents is reasonably calculated to lead to the discovery of admissible evidence. The FTC and the Florida AG sought documents relevant to their Investigation into Lifewatch's telemarketing activities. Although the FTC Action does not state a claim against Lifewatch under the TCPA, the FTC Action involves precisely the same course of conduct (*i.e.,* Lifewatch's robo-calling campaign to sell its medical alert devices) that gave rise to Plaintiff's TCPA action. *See, e.g.,* Exhibit B, FTC Complaint at ¶¶ 12-15 (describing Lifewatch's scheme of engaging telemarketers to initiate unsolicited calls to consumers using robo-calling service).

Moreover, similarities between the claims in the FTC Action and the Plaintiff's TCPA claim demonstrate that evidence produced by Lifewatch to the FTC is relevant to Plaintiff's case. For example, in the FTC Action, Lifewatch is charged with various violations of the Telemarketing Sale Rule, 16 C.F.R. Part 310, *et seq.* ("TSR"). *See* Exhibit B, FTC Complaint at Counts II-IX. The TSR, *inter alia*, prohibits initiating a telephone call that delivers a prerecorded message to induce a purchase unless the seller has obtained from the recipient of the call prior express written consent. 16 C.F.R. § 310.4(b)(1)(v)(A). The FTC has sued Lifewatch for a violation of this aspect of the TSR. *See* Exhibit B, FTC Complaint, Count VII at ¶¶ 56-57. Under the TPCA, just like under the TSA, Lifewatch will be liable if Plaintiff can establish that the company made robo-calls to consumers without their prior express consent (the consent must be written as of October 16, 2013). *See generally* 47 U.S.C. § 227 *et seq.*

The FTC has also sued Lifewatch for assisting its telemarketers when it knew, or consciously avoiding knowing, that its telemarketers were violating the TSR. *See* Exhibit B,

FTC Complaint, Count IX at ¶¶ 60-61. Here, Lifewatch has flatly denied allegations that Lifewatch and/or its agents made robo-calls to putative class members, *see* Lifewatch Answer and Affirmative Defenses at ¶¶ 32-35 (ECF No. 44), and is expected to assert ignorance of its telemarketers' actions as a defense to liability in this litigation, just as it has in other cases.[2] Given the identity of the conduct and the similarities between the causes of action in the FTC Action and Plaintiff's case, the requested documents are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this objection to the Second RFPs should be rejected.

**Third**, **and finally**, the documents sought by the Second RFPs are not protected from disclosure by 15 USCS § 57b-2 and 16 C.F.R. § 4.10 or because they are confidential. The statutory and code provisions cited by Lifewatch relate to the disclosure of information (supplied to or otherwise obtained by the FTC) *by the FTC*; the provisions have no impact on the disclosure of information by a party to litigation. Moreover, any purported confidentiality concerns are not implicated here because there is a Protective Order in place (ECF No. 59).

## III. CONCLUSION

For the foregoing reasons, Lifewatch's objections to the Second RFPs should be overruled. Lifewatch should be ordered to produce all documents it provided to or otherwise caused to be received by the FTC or Florida Attorney General in response to the Investigation, or as a result of a request or subpoena from the FTC or Florida Attorney General before, during or after the course of the Investigation. Such documents

---

[2] *See, e.g., Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*, 601 Fed. Appx. 469, 474, 2015 U.S. App. LEXIS 1760, at *8 (9th Cir. Feb. 4, 2015) ("At bottom, Lifewatch would have us believe that any infringement is traceable to actions by telemarketers for which it has no responsibility. The district court did not buy this story of telemarketers-gone-rogue, and neither do we.").

should include, but are not limited to, Lifewatch's responses to the CID and the documents and materials produced by Lifewatch in the FTC Action that are Bates-numbered FTC00001 – FTC09262.

**Dated:** November 17, 2015

**LITE DEPALMA GREENBERG, LLC**


*/s/ Katrina Carroll*
_____
Katrina Carroll
Kyle A. Shamberg
*kcarroll@litedepalma.com*
kshamberg@litedepalma.com
211 W. Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265


**DITOMMASO LUBIN, P.C.**

Vincent L. DiTommaso
vdt@ditommasolaw.com
Peter S. Lubin
psl@ditommasolaw.com
17W 220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000

*Attorneys for Plaintiff Ismael Salam and the Putative Class*