UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| ISMAEL SALAM, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No. 13-cv-9305<br>)<br>)  Hon. Charles R. Norgle, Sr. |
| v. | )<br>) |
| LIFEWATCH INC., a New York corporation, | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT LIFEWATCH INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Defendant, Lifewatch, Inc. ("Lifewatch"), by its counsel, states as follows as its opposition to Plaintiff's Motion To Compel (the "Motion"):

**I.   Preliminary Statement**

Plaintiff's Motion asserts that his supplemental discovery requests are "narrowly tailored" and "target a discrete…set of documents." This is untrue. Plaintiff's supplemental requests ignore the stark differences between the case at bar[1] and Lifewatch's litigation with the Federal Trade Commission ("FTC") and State of Florida[2]. Plaintiff's supplemental requests are blunderbuss requests for "all documents" that Lifewatch provided to the FTC and State of Florida during the pre-suit civil investigation and during litigation even though the claims and issues in that matter are different than those before this Court. The claims in the FTC Action arise under different statutes and regulations than those before this Court, implicate different

---

[1] See Exhibit A, Salam Complaint.
[2] Federal Trade Commission and State of Florida, Office of the Attorney General v Lifewatch, Inc., Evan Sirlin, et al., District Court, Northern District of Illinois, Eastern Division, Case No. 15cv5781. See, FTC Complaint, Exhibit B.

1

time periods, and address issues that are not before this Court on Plaintiff's TCPA claim predicated on a single alleged call in December 2013. The harm occasioned by the broad discovery sought by Plaintiff, untethered to the narrow claims and issues before this Court, outweighs any presumption in favor of broad disclosure. The documents disclosed to the FTC[3] in pre-suit discovery include commercially sensitive financial data and confidential information relative to Lifewatch's customers (most of whom are elderly, many are disabled, and some are seriously ill). None of this is germane to Plaintiff's TCPA claim. Salam is incapable of demonstrating that these documents produced to the FTC in pre-suit discovery are, in any way, relevant to the single TCPA claim asserted in his Complaint.

An illustrative (and non-exhaustive) list of the stark differences between these two litigations is set forth in the table below:

|  | **Salam v Lifewatch** | **FTC and State of Florida v Lifewatch, et al.** |
|---|---|---|
| **Statute(s) Alleged to have been Violated:** | *Only* 47 U.S.C. § 227, Exhibit A, | 1) 15 U.S.C. §§ 53(b) and 57b,<br>2) 15 U.S.C. §§ 6101-6108,<br>3) 15 U.S.C. § 45(a)<br>4) 16 C.F.R. Part 310<br>Exhibit B, FTC Complaint. |
| **Facts Alleged:** | On or about December 12, 2013, Plaintiff alleges he received a single call to his wireless telephone. Upon answering the call, a prerecorded message and/or artificial voice | 1) In connection with the advertising, marketing, promotion, offering for sale, or sale of medical alert systems, defendants have represented, directly or indirectly, expressly or by implication that: a) the product has already been purchased for the consumer by a friend, family member, or other acquaintance; b) the product is endorsed by the American Heart Association, the American Diabetes Association, and/or the National Institute on Aging; and: c) consumers will not be charged the first monitoring fee until they have<br>2) Defendants have engaged, or caused a telemarketer to engage, in initiating an outbound telephone call to a person's telephone number on the National Do Not Call Registry in violation. |

---

[3] Many of these documents were disclosed under the protections afforded by 15 USCS § 57b-2 and 16 C.F.R. § 4.10. Exhibit C, Lifewatch Responses to Salam's Request for Production; Exhibit D, Motion for Protective Order; Exhibit E, September 8, 2015 Order of Judge Feinerman.

| | stated that the call was regarding the sale of medical alert devices. Plaintiff did not give express written consent to receive the call. (Exhibit A, Paragraphs 12, 14, and 22). | 3) Defendants have failed to transmit, or cause to be transmitted, the telephone number and name of the seller to any caller identification service.<br>4) Defendants have made, or caused others to make, outbound telephone calls that deliver a prerecorded message in which the telemarketer or message failed to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call: a) the identity of the seller; b) that the purpose of the call is to sell goods or services; and c) the nature of the goods or services;<br>5) Defendants have made, or caused others to make, outbound telephone calls that delivered prerecorded messages to induce the purchase of goods or services when the persons to whom these telephone calls were made had not signed an express agreement, in writing, authorizing the seller to place prerecorded calls to such person. (Exhibit B) |
|---|---|---|

The FTC action largely pertains to alleged misrepresentations, false advertising, and Do Not Call Registry violations. The time period implicated in the FTC action is different than that implicated by the *single* December 2013 call on which Plaintiff's claim in this Court is based. Critically, the FTC action does not involve alleged violations of 47 U.S.C. § 227. The *Salam* action *only* involves an alleged violation of 47 U.S.C. § 227 based on a single December 2013 telephone call. Further, Mr. Salam does not allege that he was induced to purchase Lifewatch's products and services based upon material misrepresentations, and he does not allege Do Not Call Registry violations. In fact, the putative "common questions of law and fact" identified by Salam in his Complaint, include:

    a)   whether Lifewatch's conduct constitutes a violation of the TCPA;

    b)   whether the equipment Lifewatch (or someone on Lifewatch's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA; c) whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s); d) whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Lifewatch's conduct; and e) whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

None of these issues is before the Court in the FTC Action.

Plaintiff advances the unsupported argument that "similarities between the claims in the FTC Action and the Plaintiff's TCPA claim demonstrate that evidence produced by Lifewatch to the FTC is relevant to Plaintiff's case." But, a plain review of the FTC's Complaint and Salam's Complaint reveals that documents relevant in the FTC litigation are necessarily irrelevant in the Salam litigation.[4] By way of example, documents reflecting endorsements of Lifewatch's products from various non-profit agencies would be arguably relevant in the FTC litigation and completely irrelevant in the Salam litigation. Documents reflecting Lifewatch's terms and conditions and customer communications relative to monthly payments for certain categories of products and services would be arguably relevant in the FTC litigation and are completely irrelevant in the Salam litigation. And, documents showing payment methods and payment histories for Lifewatch's customer base would be arguably relevant in the FTC litigation and are irrelevant in the Salam litigation.

During the parties' meet and confer, Plaintiff refused to narrow its requests to documents actually relevant to the Salam litigation (i.e. documents pertaining to pre-recorded calls, equipment used to make telemarketing calls, and express written consent to receive telemarketing calls). And when Plaintiff served discovery tied to his TCPA claims, Lifewatch responded and produced documents. Distilled to its essence, Salam's new supplemental discovery request amounts to: "give me everything you've given them" regardless of whether there is *any* connection between those materials and the issues in the case before this Court. Case law shows that this type of request is improper. Accordingly, Plaintiff's requests for "all

---

[4] To the extent that Salam has served discovery tied to his claims, Lifewatch has responded and produced documents.

documents" provided in the FTC litigation are improper and Plaintiff's motion to compel must be denied.

II. **Legal Arguments**

**Salam's Requests Call for the Production of Irrelevant Documents that Constitute Trade Secrets and Implicate Lifewatch's Customers' Privacy Rights**

Salam asks the court to order, without limitation, that Lifewatch produce documents it produced to the FTC and the State of Florida -- irrespective of whether those documents are, in any way, relevant to Salam's claims. In response to Salam's requests, Lifewatch asserted:

> Lifewatch objects inasmuch as this request is overbroad, unlimited in scope, calls for production of information not reasonably calculated to lead to admissible discovery, and seeks to obtain information that is confidential and protected from disclosure by 15 USCS § 57b-2 and 16 C.F.R. § 4.10. Exhibit C, Lifewatch Responses to Salam's Request for Production.

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b) (1). Requested discovery *must* be tied to the particular claims at issue in the case. *Sauer v. Exelon Generation Co.*, LLC, 2011 U.S. Dist. LEXIS 90511, *8-9 (N.D. Ill. Aug. 15, 2011). Accordingly, district courts across the country have recognized that production of documents in one lawsuit does not necessarily mean the documents need be produced without restriction in an entirely different lawsuit. See, *Ingersoll v. Farmland Foods, Inc.*, 2011 U.S. Dist. LEXIS 31872 (W.D. Mo. Mar. 28, 2011) (In this putative class action, denying plaintiff's motion to compel documents disclosed in "other donning and doffing lawsuits" as overbroad.) *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977) (Holding that whether pleadings in one suit are "reasonably calculated" to lead to admissible evidence in another suit is far from clear. In the Court's view, discovery of this type of information typically will *not* lead to admissible evidence. Of course, this situation would have been different if plaintiff had preceded her request with discovery that

5

furnished a basis for believing that the pleadings in other suits against defendant … were related to matters involved in the present suit.")

*Sauer v. Exelon Generation Co.*, LLC, 2011 U.S. Dist. LEXIS 90511, *8-9 (N.D. Ill. Aug. 15, 2011) is instructive as it provides an example of the Northern District of Illinois striking a balance between a liberal interpretation of discovery rules and the need to ensure that discovery requests are actually tied to the claims at issue. In that case, which concerned the alleged exposure to radioactive discharges from a power plant, plaintiff requested that defendant produce all documents related to three other similar lawsuits. Plaintiff argued that the documents were relevant because the other lawsuits involved similar claims of radioactive discharge exposure and pertained to defendant's patterns and practices. Defendant argued that the documents were irrelevant insofar as they pertained to a power plant not at issue in the case. The Magistrate Judge explained that plaintiff was only entitled to documents from other lawsuits "to the extent they are relevant to their claims in this case." Id. at *10. Accordingly, the Magistrate Judge denied plaintiff's request that defendant be ordered to turn over all documents produced in the other litigations and narrowed plaintiff's requests such that they were restricted to documents that were actually relevant to plaintiff's claims.

Plaintiff does not acknowledge *Sauer* in his motion papers. Rather, he cites a litany of inapposite cases that merely stand for the proposition that boilerplate discovery objections are generally frowned upon. Lifewatch's objections are not boilerplate but are tied to the fundamental differences between the case in which the documents were produced and the present case. Plaintiff's requests are overbroad, and Plaintiff has refused to limit the scope of his discovery to issues before this Court or to matters likely to lead to the discovery of information relevant in any way to his claims. Plaintiff's discovery requests are unlimited in scope and

plainly call for production of information not reasonably calculated to lead to admissible discovery, and call for confidential information. This is because plaintiff requests "all documents" provided to the FTC and the Florida Attorney General notwithstanding the clear differences between the FTC suit and the Salam suit (as set forth in the previous section) and notwithstanding the very narrow focus of the Salam litigation (i.e. "whether Lifewatch's conduct constitutes a violation of the TCPA" and "whether the equipment Lifewatch or someone on Lifewatch's behalf used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA").

Moreover, as is evident from a review of the attached motion for a protective order filed in the FTC action,[5] a large quantity of the documents produced to the FTC include sensitive financial data and sensitive customer information that amount to trade secrets. There is absolutely nothing about Salam's claims or the factual averments underlying those claims that would entitle Salam to receive and review commercially sensitive financial data or sensitive customer information (e.g. name, address, credit card and banking information, etc.).

Further, given the nature of Lifewatch's products and services, its customer base includes elderly, disabled and seriously ill individuals whose privacy rights must be protected. As custodians of its customers' personal records, Lifewatch has standing to assert its customers' privacy rights. *Maldonado v. Sec'y of Calif. Dept. of Corr. and Rehab.*, 2007 U.S. Dist. LEXIS 91084, 2007 WL 4249811, at *7 (E.D. Cal. Nov. 30, 2007). Federal courts routinely recognize a right of privacy when considering the propriety of discovery requests. See, *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). Accordingly, Courts often limit the scope of discovery in order to protect the privacy interests of

---
[5] Exhibit D, Motion for Protective Order and Supporting Affidavits.

third parties. *Guitron v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 86091, 6 (N.D. Cal. Aug. 4, 2011).  In evaluating privacy interests, a court balances a party's need for the information against the third party's privacy right.  Id.  Here, Salam cannot demonstrate a need for Lifewatch's customers' personal information, and Lifewatch's customers have a need to ensure that their personal information is not disseminated. Indeed, Salam has refused to make any effort to tailor his requests to the issues presented by his case.

Given that Salam's requests for "all documents provided to the FTC" call for production of irrelevant documents that constitute trade secrets, and implicate Lifewatch's customers' privacy rights, Lifewatch's objections must be sustained and Salam's motion to compel must be denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to compel should be denied.

> LIFEWATCH, INC.
>
> By: /s/ David B. Goodman
>     One of Its Attorneys
>
> David B. Goodman – dbg@greensfelder.com
> Patrick Cotter – pcotter@greensfelder.com
> Thadford A. Felton – taf@greensfelder.com
> Courtney A. Adair – cadair@greensfelder.com
> Greensfelder, Hemker & Gale, P.C.
> 200 West Madison Street   Suite 2700
> Chicago, Illinois  60606 (312) 419-9090
>
> Joseph Lipari, Esq.
> THE SULTZER LAW GROUP
> 77 Water Street, 8th Floor
> New York, New York 10005
> (646) 722-4266 /  Fax: (888) 749-7747

## **CERTIFICATE OF SERVICE**

  I, David B. Goodman, an attorney, hereby certify that on November 30, 2015, I electronically filed the foregoing Defendant Lifewatch Inc.'s Opposition to Plaintiff's Motion to Compel with the Court using the CM/ECF system, which will automatically send copies to all attorneys of record in the case.

             /s/ David B. Goodman

             David B. Goodman #6201242
             dbg@greensfelder.com
             Greensfelder, Hemker & Gale, P.C.
             200 West Madison Street
             Suite 2700
             Chicago, Illinois 60606
             Telephone: (312) 419-9090
             Facsimile: (312) 419-1930

#10868