**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | Case No.  13-cv-09305 |
| Plaintiff, | |
| v. | |
| LIFEWATCH, INC., a New York corporation, | Hon. Charles R. Norgle, Sr. |
| Defendant. | |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND**
**RESET TRIAL DATE**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff Ismael Salam ("Plaintiff"), individually and on behalf of the proposed Class, respectfully moves this Court for an order modifying the current scheduling order – whereby the parties' final Pretrial Order is due December 15, 2015 and the case is scheduled for trial on December 28, 2015 – to accommodate for briefing and resolution of Plaintiff's Motion for Class Certification, being filed concurrently with this Motion.  In support thereof, Plaintiff states as follows:

1.      This case arises from a massive, unsolicited robo-call campaign designed to sell medical alert systems that provide emergency support upon a senior's incapacitation, sold by Defendant Lifewatch, Inc. ("Lifewatch"). The campaign involved millions of automated telephone calls and artificial or prerecorded messages, all made without the prior express consent of the called party in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.    On December 12, 2013, Lifewatch (or a telemarketer acting on its behalf) placed a robocall to the Plaintiff's wireless telephone. Upon answering the call, a prerecorded message and/or artificial voice stated that the call was regarding the sale of medical alert devices. After being connected to a live representative, Plaintiff was informed that the Lifewatch was the seller of the devices.

3.    As a result of this call, Plaintiff initiated this class action lawsuit on December 30, 2013. ECF Doc. 1. Lifewatch filed a motion to dismiss and strike the allegations, which the Court denied on September 24, 2014. ECF Doc. 31.

4.    Shortly thereafter, in December 2014, the parties submitted a Report of the Parties' Planning meeting to the Court. ECF Doc. 46. Because the parties could not agree on whether discovery should be bifurcated, they submitted competing schedules for the Court's review. *Id.* On January 27, 2015, the Court issued an Order directing the parties to submit a final pretrial order by December 15, 2015 and setting a trial date of December 28, 2015. ECF Doc. 50. The January 27th Order did not set a date for the close of discovery or the filing of Plaintiff's Motion for Class Certification.

5.    In late March 2015, Plaintiff's counsel became aware of a similar class action styled *Donaca v. Lifewatch, Inc.*, EDCV-13-02064-JGB (the "*Donaca* Action") pending in the Central District of California. The *Donaca* Action proposes a class comprised of "[a]ll individuals who within the past four years who (*sic*) (i) received one or more RoboCalls from Defendants without express prior consent and in the absence of an emergency; and/or (ii) received one or more RoboCalls, Sales Calls, and/or combined RoboCalls/Sales Calls from Defendants in connection with which Defendants transmitted false or absent caller identification

2

information."[1]  Then, on April 22, 2015, the action styled *Bank v. Lifewatch, Inc., et al.*, 1:15-cv-02278-JG-VMS (the "*Bank* Action"), was filed in the Eastern District of New York.  The *Bank* Action proposes a class comprised of "all persons to whose residential or cellular telephone number Safe Home Security, Lifewatch, and Lifewatch Security, or third parties acting with the authorization of Safe Home Security, Lifewatch, and Lifewatch Security, placed one or more Automated Calls during the period beginning four years prior to the commencement of this action until the date of said commencement."

6.      At that time, counsel for the plaintiffs in the *Salam* and *Donaca* Actions conferred and proposed that, given the overlapping factual and legal issues in their respective cases, the plaintiffs work together to coordinate their efforts and to cut down on repetitive motion practice and discovery.  The plaintiffs in *Donaca* and *Salam* believed such collaboration to be in the best interest of all parties, including Lifewatch, as it would prevent the need to serve the same documents multiple times, to notice the depositions of key witnesses (including Defendant's 30(b)(6) witness) multiple times, and to limit the burden on third-parties in responding to discovery requests, including subpoenas *duces tecum* and *ad testificandum*.

7.      In April 2015, the *Donaca* and *Salam* plaintiffs proposed this course of action to counsel for Lifewatch and the parties engaged in a conference call to discuss the potential for coordination.  Lifewatch ultimately refused and, as a result, Plaintiff moved before the Judicial Panel on Multidistrict Litigation for an Order transferring and consolidating the three cases for pre-trial purposes.  The JPML denied this request on October 13, 2015, finding that while the actions shared similar issues they were at disparate stages of proceedings and, given that only three cases were pending, coordination could be handled informally.  ECF Doc. 68.

---

[1] Lifewatch is the only explicitly named defendant in the *Donaca* Action.  The other named "defendants" are so-called "Doe Defendants," unidentified entities who allegedly made the calls at issue, or caused those calls to be made, on behalf of Lifewatch.

8.      Meanwhile, on or around September 3, 2015, Plaintiff served a Second Set of Requests for Production of Documents on Lifewatch seeking two categories of documents from Lifewatch:

> Request No. 39:  All documents you provided to or otherwise caused to be received by the FTC in response to the Investigation, or as a result of a request or subpoena by the FTC before, during or after the course of the Investigation.

> Request No. 40:  All documents you provided to or otherwise caused to be received by the [Attorney General for the State of Florida] in response to the Investigation, or as a result of a request or subpoena by the FL AG before, during or after the course of the Investigation.

Exhibit A, Second RFPs 39, 40.

9.      The term "Investigation" in the Requests refers to an investigation conducted by the Federal Trade Commission ("FTC") and/or the Attorney General for the State of Florida ("FL AG"), which culminated in a complaint filed or on about June 30, 2015 seeking a permanent injunction against Lifewatch's deceptive and abusive telemarketing practices, including its robo-calling campaign – *the same exact course of conduct that gave rise to the TCPA violations at issue in this litigation*.

10.     Lifewatch objected to Plaintiff's requests, and Plaintiff moved to compel production of those documents.  ECF Doc. 69.  The Court entered a briefing schedule on Plaintiff's motion, with briefing to be completed by December 7, 2015.  ECF Doc. 71.

11.     Despite not being in receipt of these undoubtedly relevant documents, on December 1, 2015, concomitantly with this Motion, Plaintiff has filed a Motion for Class Certification.  ECF Doc. 74.  In order to prepare that motion, and given the dearth of documents produced by Lifewatch in this litigation to date, Plaintiff reviewed tens of thousands of pages of documents the FTC had procured in the course of its investigation, the entirety of which became available in the last few months.  Plaintiff filed his class certification motion at the earliest

practicable date after review of these documents and attempts to procure additional relevant documents from Lifewatch that are still ongoing.

12.     In his Motion for Class Certification, Plaintiff asks the Court to certify a class of people who received the illegal calls intended to induce a sale of medical monitoring devices and services on their cellular telephone lines (the "Class"), defined as follows:

> **Proposed Class:** All individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch from October 16, 2013 through the present.

13.     Plaintiff recognizes that the class certification motion will need to be fully briefed and that the Court will need to rule prior to trial in this matter.  Absent such a ruling, the scope of the trial (*i.e.*, whether Plaintiff will be representing a class of consumers or proceeding only individually) and both parties' trial strategies will be drastically different.

14.     When considering a request to modify a scheduling order, the court's primary inquiry is the diligence of the party seeking the extension.  *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).  Given Plaintiff's continued efforts, discussed above, to prosecute this case diligently and to obtain the necessary information and materials to support his motion for class certification, Plaintiff respectfully suggests that he has demonstrated good cause for the relief requested herein pursuant to Fed. R. Civ. P. 16(b)(4).

15.     Accordingly, Plaintiff requests that the Court enter an order modifying the current trial date of December 28, 2015 to the earliest practicable date, convenient with the Court's calendar, that will allow Plaintiff's Motion for Class Certification to be fully briefed and resolved prior to the commencement of trial.

16.     Plaintiff's counsel has conferred with counsel for Lifewatch and Lifewatch does

not consent to the relief requested herein.


**Dated:** December 1, 2015                    **LITE DEPALMA GREENBERG, LLC**


                                               */s/ Katrina Carroll*
                                               _____
                                               Katrina Carroll
                                               Kyle A. Shamberg
                                               *kcarroll@litedepalma.com*
                                               *kshamberg@litedepalma.com*
                                               211 W. Wacker Drive
                                               Suite 500
                                               Chicago, IL 60606
                                               312.750.1265


                                               **DITOMMASO LUBIN, P.C.**

                                               Vincent L. DiTommaso
                                               vdt@ditommasolaw.com
                                               Peter S. Lubin
                                               psl@ditommasolaw.com
                                               17W 220 22nd Street, Suite 410
                                               Oakbrook Terrace, Illinois 60181
                                               (630) 333-0000

                                               ***Attorneys for Plaintiff Ismael Salam and
                                               the Putative Class***

6