IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMAEL SALAM, individual, on behalf of herself and the class members described below, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) No. 13 CV 9305 |
| v. | )<br>) Hon. Charles R. Norgle |
| LIFEWATCH, INC., | )<br>) |
| Defendant. | ) |

## ORDER

Plaintiff's Rule 23 Motion to Certify A Class, Appoint Plaintiff as Class Representative, and to Appoint Katrina Carroll of Lite DePalma Greenberg, LLC and Peter Lubin of DiTommaso Lubin P.C. as Co-Lead Counsel [74] is granted. Defendant Lifewatch Inc.'s No-Opposition Statement in Response to Plaintiff's Motion to Modify the Scheduling Order and Re-Set the Trial Date, and Cross-Motion to Modify the Briefing Schedule Relative to the Certification Motion [84] is denied as moot. Plaintiff's Motion to Exceed Page Limit [99] is denied as moot.

## STATEMENT

Plaintiff Ismael Salam ("Plaintiff"), filed this case on December 1, 2015, complaining that Defendant Lifewatch, Inc., ("Defendant") violated the Telephone Consumer Protection Act ("TCPA") codified at 47 U.S.C. § 227, *et seq*. Before the Court is Plaintiff's motion for class certification. For the following reasons, the Plaintiff's motion is granted.

With respect to Defendant's alleged violations of the TCPA, Count I of the Complaint, Plaintiff moves to certify:

> All individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch from October 16, 2013 through the present.

Pl.'s Rule 23 Mot. Certify Class, Appoint Pl. Class Representative, Appoint Katrina Carroll of Lite DePalma Greenberg, LLC and Peter Lubin of DiTommaso Lubin P.C. as Co-Lead Counsel 2 ¶ 4 (hereinafter, "Pl.'s Rule 23 Mot.").

Class certification is more than a "mere pleading standard." Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Wal-Mart Stores, Inc., at 2550 (internal quotation marks and citation omitted). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." Id. Under Rule 23, Plaintiff must show that the putative class satisfies the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the three conditions of Rule

23(b). Jamie S. v. Milwaukee Pub. Schs., 668 F.3d 481, 493 (7th Cir. 2012) (citing Fed. R. Civ. P. 23). Here, Plaintiff seeks certification under Rule 23(b)(3). Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Defendant first challenges Plaintiff's proposed class by asserting that the proposed class is unascertainable because, "the only entities that could possibly know whether violative telemarketing calls were made, and to whom, if anyone, violative calls were made, are the third party vendors – many of whom are now defunct." Def. Lifewatch Inc.'s Opp'n Pl.'s FRCP R. 23 Mot. 9. And, that the language defining the proposed class is deficient and as a result ascertainability is impossible. To be ascertainable "a class must be defined clearly and that membership be defined by objective criteria[.]" Mullins v. Direct Digital, LLC, 795 F.3d 654, 657 (7th Cir. 2015).

Defendant argues that because it enlisted third-party telemarketers to conduct the calls to potential clients it is unable to provide any potential members of the proposed class because third party vendors conducted all telemarketing opperations, and as a result the class is unascertainable. This argument is without merit. As Plaintiff replies, Defendant's customers are capable of identifying themselves as the recipients of telemarketing calls, noncustomer class members would also be able to self-identify through telephone records or affidavits where necessary. See Birchmeier v. Caribbean Cruise Line, Inc., 302 F.R.D. 240, 245–50 (N.D. Ill. 2014) (permitting self-identification of claimants). Moreover—as Plaintiff argues—denying class certification because Defendant is unable to provide list of potential class members would encourage defendants not to keep records, shielding themselves from liability.

Turning to the Rule 23 requirements, Plaintiff's proposed class is made up of potentially hundreds of thousands of recipients of Defendant's telemarketing calls. Plaintiff alleges a class where several telemarketing vendors were placing between 10,000 and 2 million calls a day. Pl.'s Mem. Law Supp. Rule 23 Mot. Certify Class, Appoint Pl. Class Rep., Appoint Katrina Carroll of Lite DePalma Greenburg, LLC and Peter Lubin of DiTommaso Lubin P.C. as Co-Lead Counsel, 12. Although bare allegations will not suffice, the court need not abandon common sense when making its numerosity determination. See Ringswald v. Cty. of DuPage, 196 F.R.D. 509, 511 (N.D. Ill. 2000). Here, Plantiff has presented evidence that Defendant engaged several telemarketing companies, each placing several thousand calls a day; given the volume of calls, common sense dictates that there is a class of at least forty. See e.g. Healey v. Int'l Bhd. of Elec. Workers, Local Union No. 134, 296 F.R.D. 587, 593 (N.D. Ill. 2013) (quoting Newberg on Class Actions § 3.15 at 3-25 (5th ed. 2013).

Next, there are common questions of law and fact that exist among the class. Plaintiff's claim—and the claim common to the class—is that Defendant was involved in a robo-calling scheme that violated the TCPA. Class Action Compl. ¶¶ 32, 33, 35. Also, Plaintiff's legal claim is typical of all claims from other class members—all received unsolicited robo-calls made on behalf of Defendant during the class period and are due damages under 47 U.S.C. § 227(b)(3)(B). Class Action Compl. ¶ 36. It is apparent that Plaintiff's claim has the same essential character as the claim of the class.

Finally, Rule 23(a) requires adequacy of representation. Fed. R. Civ. P. 23(a)(4). "[A]dequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest[s] of the class members. Therefore, a class is not fairly and adequately represented if class members have antagonistic or conflicting claims." Retired Chicago Police

Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993). Here, Plaintiff has received the same unsolicited and unwanted calls from Defendant as the rest of the class. He has responded to written discovery, provided Defendant with documents, and attended depositions. While Defendant argues that Plaintiff should be disqualified because of his position as a plaintiff's class action attorney and his professional associations, there is no evidence that he has any disabling conflict of interest with the class. Also, Plaintiff's two retained attorneys are experienced and able to advance the present litigation. Ms. Carroll of Lite DePalma Greenberg, LLC is currently serving as co-lead counsel on four different class action cases, and Mr. Lubin of DiTommaso Lubin P.C. has served as co-lead counsel in hundreds of class action matters.

Next, Plaintiff seeks certification under Rule 23(b)(3). Pursuant to Rule 23(b), Plaintiff must show by a preponderance of evidence: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012) (citing Fed. R. Civ. P. 23(b)(3)). In determining predominance, the court must evaluate the evidence pragmatically, making "some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." Costello v. BeavEx, Inc., 810 F.3d 1045, 1059 (7th Cir. 2016) (internal citations and quotations omitted).

In this TCPA suit, Plaintiff must allege: (a) the defendant called a mobile device; (b) the call was made via an automated dialer; and (c) the recipient had not consented to receive the call. 47 U.S.C. § 227 (b)(1)(A). Here, Defendant argues that the issue of prior consent will dominate the litigation, requiring a "myriad [of] mini trials" and frustrating any benefits otherwise achieved by the class action vehicle. Def. Lifewatch Inc.'s Opp'n Pl.'s FRCP R. 23 Mot. 19.

While issues of consent may prohibit the certification of a class in TCPA class action suits, Defendant must "set[] forth specific evidence showing that a significant percentage of the putative class consented to receiving calls on their cellphone." Jamison v. First Credit Servs., Inc., 290 F.R.D. 92, 107 (N.D. Ill. 2013). Vague assertions about consent will not suffice. Id. at 107. Here, Defendant has not made any specific allegations nor has it presented any evidence that would allow the Court to conclude that a significant number or potential class members had consented to receive calls from Defendant or calls made on its behalf. Moreover, the relief sought is identical because Plaintiff and all class members seek statutory damages of $500 for each violation. And, because there is limited pecuniary recovery, plaintiffs who would be otherwise disincentivized to pursue their rights have an avenue for redress. See Mullins, 795 F.3d at 658. Thus, class certification is superior to individual lawsuits.

Accordingly, Plaintiff's motion for class certification is granted, Ismael Salam is appointed lead plaintiff, Katrina Carroll of Lite DePalma Greenberg, LLC and Peter Lubin of DiTommaso Lubin P.C. are appointed as Co-Lead Counsel.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 6, 2016