UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) LIFEWATCH, INC., a New York corporation, ) ) ) Defendant. ) ) | Case No. 1:13-cv-9305<br><br>Hon. Charles R. Norgle, Sr.<br><br>Magistrate Sidney I. Schenkier |

**MOTION TO SUBSTITUTE CLASS REPRESENTATIVE**

Plaintiff and Class Representative Ismael Salam ("Plaintiff" or "Mr. Salam") brings this motion to withdraw as the named class representative in this matter and to substitute class member Robert Hossfeld in his stead. Though Mr. Salam is unable to proceed as the representative of the certified class for the reasons discussed further below, he intends to continue to prosecute his claims against Defendant Lifewatch, Inc. ("Lifewatch" or the "Defendant") on an individual basis. In support of his motion, Plaintiff states as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      This case arises from Lifewatch's massive, unsolicited robo-call campaign designed to sell medical alert systems that provide emergency support upon a senior's incapacitation. The campaign involved millions of automated telephone calls and artificial or prerecorded messages, all made without the prior express consent of the called party in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.      On December 12, 2013, Lifewatch (or a telemarketer acting on its behalf) placed a robocall to Mr. Salam's wireless telephone. Upon answering the call, a prerecorded message

and/or artificial voice stated that the call was regarding the sale of medical alert devices. After being connected to a live representative, Plaintiff was informed that Lifewatch was the seller of the devices.

3. As a result of this call, Plaintiff initiated this class action lawsuit on December 30, 2013. ECF Doc. 1. Since then, Plaintiff has prosecuted this case vigorously on behalf of the class, responding to written discovery requests propounded by Lifewatch, sitting for deposition, and engaging in numerous conferences with counsel regarding litigations strategy. Plaintiff's efforts ultimately led to this Court granting class certification in September 2016, ECF Doc. 121, finding, *inter alia*, that Plaintiff would adequately represent the class, *id.* at 3.[1] Lifewatch's petition for permission to appeal the Court's class certification order under Fed. R. Civ. P. 23(f) was denied. ECF Doc. 127.

4. In its class certification order, the Court further noted that, notwithstanding Lifewatch's argument that "Plaintiff should be disqualified because of his position as a plaintiff's class action attorney and his professional associations, there is no evidence that he has any disabling conflict of interest with the class." ECF Doc. 121 at 3. Indeed, back in February 2015, more than eighteen months before the Court's class certification ruling, Plaintiff filed a Disclosure Statement explaining that: (1) at the time, he was an associate attorney with Siprut, P.C., a plaintiffs' class action law firm; (2) Siprut P.C. and Lite DePalma Greenberg, LLC ("LDG"), one of the firms appointed as co-lead counsel in this case, were jointly involved in a handful of class action matters; (3) Plaintiff did not serve as counsel in any of those matters; and

---

[1] The Court certified the following class: "All individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch from October 16, 2013 through the present." .

(4) LDG's professional relationship with Siprut P.C. did not present any conflict preventing Plaintiff from serving as an adequate class representative in this matter. *See* ECF Doc. 52.

5. In recent weeks, however, Mr. Salam has been in discussions to join LDG as an associate attorney, and has accepted an offer to begin employment with LDG.

6. Both counsel and Mr. Salam recognize that commencing employment with one of the firms serving as co-lead counsel in a case where he is also the class representative presents at least the potential for a conflict of interest between Mr. Salam and the class.[2] Accordingly, Plaintiff moves to withdraw as class representative, and proposes that the Court substitute Robert Hossfeld as class representative in his place.

7. Mr. Hossfeld is a member of the class that this Court certified and has filed an individual action in the Southern District of New York. *See* Amended Complaint, *Hossfeld v. Lifewatch, Inc., et al.*, No. 7:16-cv-01614 (S.D.N.Y. 2016) (attached hereto as **Exhibit 1**), at ¶¶ 9-93. Specifically, like Mr. Salam, Mr. Hossfeld has received numerous calls on his cellular telephone during the relevant class period, made by or on behalf of Lifewatch, using an artificial or pre-recorded voice. *Id.* at ¶¶ 9-28. After being repeatedly harassed by these solicitation calls – even after requesting multiple times not to receive them anymore – Mr. Hossfeld was ultimately able to be connected, during one of these calls, to a live representative who informed him that Lifewatch was the seller of the solicited medical monitoring devices. Mr. Hossfeld has informed the magistrate judge overseeing pre-trial matters in his case currently pending in the

---

[2] *See, e.g., Price v. FCC Nat'l Bank*, 1992 U.S. Dist. LEXIS 12497, at *7-8 (N.D. Ill. Aug. 18, 1992) (noting that the relationship between the class representative and the class counsel may be a bar to certification "if the representative is either employed by or related to counsel, or will share in the award of attorneys fees" (citing *Katz v. Comdisco*, 117 F.R.D. 403, 410 (N.D. Ill. 1987)).

Southern District of New York that, should this Court grant the present motion and permit him to join this matter as a substituted class representative, he will voluntarily dismiss the New York case.

## II. ARGUMENT

8. It is well-settled within this Circuit that a class representative's decision to discontinue his role in a class action, even after a class has been certified, opens the door for an otherwise adequate class member to be substituted in his or her place. *See, e.g., Velasco v. Sogro, Inc.,* 2014 U.S. Dist. LEXIS 104047, at *8 (E.D. Wis. July 29, 2014) ("Armes's decision to terminate his involvement in the case does not warrant decertification. The rights of all class members are at stake, not just Armes's. After class certification, if a class representative is found to be inadequate, substitution of a new representative – not decertification – is the appropriate step") (citing *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) and *Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 617-18 (5th Cir. 1983)); *see also Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("After a suit is certified as a class action, a loss of standing by the named plaintiff does not destroy . . . the federal court's jurisdiction; he can be replaced by a member of the class who has standing").

9. As Judge Posner explained in *Walters*:

> The plaintiffs argue that even if they do lack standing, the suit should not have been dismissed but instead other members of the class should have been named as the class representatives. And indeed this would have been the proper course if something had happened to deprive the named plaintiffs of standing (*or otherwise to render them inappropriate representatives of the class*) after the suit had been filed, provided that two conditions were satisfied: that the suit had been certified as a class action, which would make the unnamed class members parties to the suit unless and until they opted out; and that at least one of these unnamed class members had standing.

3

*Id.* at 432 (emphasis added).

10.     Though adequacy, rather than standing, is at issue here, the reasoning in *Walters* is equally applicable (as the emphasized language demonstrates).  A class has been certified, binding class members like Mr. Hossfeld to any judgment rendered or settlement reached in this matter unless they affirmatively opt out, and Mr. Hossfeld has the same standing to bring suit and serve as a class representative in this case as Mr. Salam: he received the same unsolicited robocalls on his cellular telephone, and has evidence that those calls were made by Lifewatch or agents acting for its benefit.  *See also Memisovski v. Garner*, No. 2002 U.S. Dist. LEXIS 23013, at *3 (N.D. Ill. Nov. 26, 2002) (granting motion to substitute class representatives approximately *ten years* after certification order, finding that the proposed representatives' claims raised questions of fact or law common to the class and were typical of the other class members).

11.     Furthermore, while courts in this Circuit typically apply a liberal, permissive policy to motions to substitute, such motions may be denied where substitution would result in substantial delay of the proceedings, prejudice to the defendant, or where the plaintiff or plaintiffs' counsel fails to bring the motion in a timely manner.  *See Chapman v. Wagener Equities*, 2012 U.S. Dist. LEXIS 176857, at *21 (N.D. Ill. Dec. 13, 2012) ("Substitution is not automatic, however, and the Court must consider whether such intervention will "unduly delay or prejudice the adjudication of the original parties' rights").

12.     None of these concerns are present here.  The substitution of Mr. Hossfeld for Mr. Salam as class representative will entail little, if any, additional discovery.  Notably, discovery is still open in this case, with Plaintiff and Lifewatch negotiating ESI search terms and Lifewatch set to provide supplemental document productions in the coming weeks.  Regardless, Mr. Hossfeld's substitution would not result in Plaintiffs seeking any discovery additional to or

4

different from the discovery that would be sought with Mr. Salam as the class representative. And, from Lifewatch's perspective, the only additional discovery it could conceivably seek would be Mr. Hossfeld's phone records, which he can promptly provide, and a deposition of Mr. Hossfeld, to which he can promptly submit. Thus, the proceedings will not be delayed by the substitution, and Lifewatch will therefore not be prejudiced.

13. Plaintiff has also filed this motion expeditiously once the circumstances giving rise to potential adequacy concerns came into being. Until the time Mr. Salam agreed to become an employee of LDG, there were simply no concerns whatsoever with his ability to adequately serve as class representative in this matter, as reflected by the Court's ruling on class certification, and thus no reason to move for substitution. As soon as Mr. Salam's employment situation changed, and he agreed to join LDG, he filed this motion.

### III. CONCLUSION

14. For the reasons described above, Plaintiff and Class Representative Ismael Salam respectfully requests that this Court enter an Order: (1) allowing Mr. Salam to withdraw as class representative; (2) substituting Mr. Hossfeld as class representative in this matter; and (3) permitting Mr. Salam to continue to pursue his claims against Defendant Lifewatch, Inc. on an individual basis.

Dated: November 11, 2016           Respectfully submitted,

*/s/ Katrina Carroll*

---

Katrina Carroll
Kyle A. Shamberg
*kcarroll@litedepalma.com*
kshamberg@litedepalma.com
211 W. Wacker Drive
Suite 500

5

Chicago, IL 60606
312.750.1265

**DITOMMASO LUBIN, P.C.**

Vincent L. DiTommaso
vdt@ditommasolaw.com
Peter S. Lubin
psl@ditommasolaw.com
17W 220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000

*Attorneys for Plaintiff Ismael Salam and the Putative Class*