# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ISMAEL SALAM, individually, ) ) Plaintiff, ) ) v. ) ) LIFEWATCH, INC., a New York corporation, ) ) ) Defendant. ) | Case No. 1:13-cv-9305<br><br>Hon. Charles R. Norgle, Sr.<br><br>Magistrate Sidney I. Schenkier |

## MOTION TO COMPEL CLASS LIST FOR PURPOSES OF CLASS NOTICE

In this certified class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, Plaintiffs Robert Hossfeld and Ismael Salam bring this motion to compel Defendant Lifewatch, Inc. to produce contact information – including names, mailing addresses, and email addresses – for its approximately 66,000 current or former customers during the class period. In support of this motion, Plaintiffs state as follows:

1. On September 6, 2016, Judge Norgle granted Plaintiffs' motion to certify the following class:

> All individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch from October 16, 2013 through the present.

*See* ECF Doc. No. 121.

2. This class includes, but of course is not limited to, Lifewatch's current and former

customers who received such calls during the relevant time period.

3. As of December 2015, Lifewatch's CEO, Evan Sirlin, testified that the company had approximately 66,000 customers. *See* 12/14/2015 Transcript (excerpted), *FTC v. Lifewatch, Inc.*, No. 15-C-5781 (N.D. Ill.), at 144:1-2 (**Exhibit 1**).

4. Lifewatch maintains contact information for these customers. *See* 11/10/2015 Amended Baker Decl., *FTC v. Lifewatch, Inc.*, Case No. 15-C-5781 (N.D. Ill.) (**Exhibit 2**) at ¶ 35 (Lifewatch's Customer Relationship Management System, or CRM, "includes identifying information for each of Lifewatch's active customers" as well as the "identifying information of the outside seller that sold the customer account to Lifewatch").

5. "For Rule 23(b)(3) classes" like this one, "class counsel must provide the 'best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 231 (N.D. Ill. 2016) (quoting Fed. R. Civ. P. 23(c)(2)(B)). "When class members can be identified through reasonable effort, they are entitled to individual notice." *Id.*; *see also Mullins v. Direct Digital*, 795 F.3d 654, 665 (7th Cir. 2015); *Hughes v. Kore of Ind. Enters., Inc.*, 731 F.3d 672, 676-77 (7th Cir. 2013).

6. Because Lifewatch's customers (who can then self-identify as having received TCPA-violative calls during the class period) are entitled to notice, and because Lifewatch maintains contact information for each of those customers, the best practicable notice for this subset of the certified class is direct notice, via either mail, email, or both. *Gehrich*, 316 F.R.D. at 232 ("Here, the notice provided went well beyond what was required. It was well-tailored to reach the maximum number of class members both in terms of outlet (through direct mail and email, and then publication in national magazines) and persistence (contacting class members a

2

second time as a reminder)").

7. This request is entirely reasonable and in full accordance with Fed. R. Civ. P. 23(c)(2)(B). Indeed, courts in this District have granted similar motions to compel class lists even *prior* to class certification. *See, e.g., Donnelly v. NCO Fin. Sys., Inc.,* 263 F.R.D. 500, 504 (N.D. Ill. 2009), *objections overruled,* No. 09 C 2264, 2010 WL 308975 (N.D. Ill. Jan. 13, 2010) (granting pre-certification motion to compel defendant to produce "a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice," rejecting arguments that production would be overly burdensome and that the list would be over-inclusive); *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011) (granting motion to compel "class list and evidence related to [defendant]'s affirmative defenses"); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 749 (N.D. Ill. 2010) (ordering defendant "to produce to Plaintiffs' counsel the contact information for each putative plaintiff," including name, address, employee identification number, and dates of employment, within five days).

8. Accordingly, Plaintiffs respectfully request that the Court grant this motion and compel Defendant to produce the names, mailing addresses, and email addresses of all Lifewatch customers from October 16, 2013 to the present, for purposes of providing class notice.

## **LOCAL RULE 37.2 CERTIFICATION**

9. On May 25, 2018, Kyle Shamberg, counsel for Plaintiffs and the class, and Joseph Lipari, counsel for Lifewatch, conducted a telephonic meet-and-confer pursuant to Local Rule 37.2. During the call, Mr. Shamberg requested that Mr. Lipari provide the class member information requested in this motion, and they agreed that Mr. Lipari would provide Lifewatch's position on the request no later than June 1, 2018. Having received no response, Mr. Shamberg

followed up with Mr. Lipari on June 6, 2018, again requesting Lifewatch's position. Mr. Lipari responded later that day, stating that he anticipated responding by June 8, 2018. As of the filing of this motion, and 20 days after the parties met and conferred, Mr. Lipari has still provided no substantive response as to whether Lifewatch will provide the relief requested herein, necessitating this motion.

Dated: June 14, 2018 Respectfully submitted,

By: */s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
**LITE DEPALMA GREENBERG, LLC**
kcarroll@litedepalma.com
kshamberg@litedepalma.com
111 W. Washington Street
Suite 1240
Chicago, IL 60602
312.750.1265

Peter S. Lubin, Esquire
**DITOMASSO LUBIN P.C.**
17W 220 22nd Street
Suite 410
Oakbrook Terrace, IL 60181
630.333.0002
Fax: 630.333.0333

*Attorneys for Plaintiffs and the Class*

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Motion to Compel Class List for Purposes of Class Notice** was filed this 14th day of June 2018 via the Court's electronic filing system and was thereby served on all counsel of record.

*/s/ Katrina Carroll*