**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ISMAEL SALAM, individually, ) ) Plaintiff, ) ) v. ) ) LIFEWATCH, INC., a New York corporation, ) ) ) Defendant. ) ) | Case No. 1:13-cv-9305<br><br>Hon. Charles R. Norgle, Sr.<br><br>Magistrate Sidney I. Schenkier |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL CLASS**
**LIST FOR PURPOSES OF CLASS NOTICE**

Plaintiffs' motion to compel makes a simple and uncontroversial request for basic contact information – limited to names, mailing addresses, and email addresses – to provide direct notice to potential class members in this certified class action. Such notice is sent in essentially every class action once a motion for class certification is granted.

The concerns Defendant Lifewatch, Inc. raises with the request are either overstated or irrelevant. First, Defendant suggests that sending notice to all Lifewatch customers would be over-inclusive, in that some of those customers may have been generated through methods other than telemarketing. Aside from a single self-serving affidavit, Lifewatch has never introduced *any* evidence that a single method aside from telemarketing was ever used to obtain new customers. In fact, the evidence suggests the opposite. But even if this were true, Defendant's "overbreadth" concerns are not well-founded, as any notice sent to its customers can include

language making clear the criteria for inclusion in the class and that receipt of the notice alone does not mean that the recipient is a class member. There is simply no risk of confusion for this hypothetical subset of customers.

Secondly, the settlement class the parties proposed to Your Honor, while narrower than the certified class, also includes Lifewatch's customers. Any remaining class members – for whom Lifewatch does not have contact information – would need to be informed of certification via publication notice or some other general means (which, notably, would also be disseminated "overbroadly" in Lifewatch's view, though it is frequently employed when direct notice is not possible). Under either framework, the contact information Plaintiffs seek will not be broader than the class that is eligible for relief.

Finally, Plaintiffs have no interest in invading the privacy of Lifewatch's customers. On the contrary, Plaintiffs are seeking to offer them relief for a violation of their legal rights. Plaintiffs are not seeking personal or medical information, social security numbers, or any other confidential information that would, rightly, be subject to additional scrutiny. Plaintiffs merely request the minimal amount of information necessary to disseminate the "best notice practicable" in line with Fed. R. Civ. P. 23.

## ARGUMENT

### I. LIFEWATCH'S CUSTOMER LIST IS NOT OVERINCLUSIVE

In February 2014, Sarai Baker, Lifewatch's Director of Operations, testified at deposition. At that time, Ms. Baker stated that she had absolutely no information whatsoever as to any marketing method being used on Lifewatch's behalf other than telemarketing. *See* Ex. A (Deposition Transcript) at 58:18-59:5. It was not until June 2015, nearly two years after the start of the relevant class period (and around 18 months after this action was filed) that

Lifewatch began inquiring into the source of its new customers with its outside marketers. Perhaps unsurprisingly, the response was that most of the customer leads were generated through television, radio, print, or internet advertising, rather than TCPA-violative telemarketing. *See* Lifewatch Opp. at 2-3. To date, however, Lifewatch has still not produced a single example of any television, radio, print or internet advertising. Thus, while Plaintiffs introduced much evidence in support of class certification documenting the pervasive nad illegal telemarketing efforts being conducted on Lifewatch's behalf, the only evidence Lifewatch offers is the unsubstantiated statements of the third parties who were admittedly conducting that telemarketing in the first place.

Regardless, let us assume for the sake of argument that some subset of Lifewatch's customers did not receive robocalls and therefore are not class members. This does not mean that Plaintiffs' motion should be denied. As Judge Norgle noted in granting class certification, "Defendant's customers are capable of identifying themselves as the recipients of telemarketing calls." ECF Doc. 121, at 2. Clearly this determination envisions providing notice of class certification to those customers. *See also Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669 (7th Cir. 2015) ("Given the significant harm caused by immunizing corporate misconduct, we believe a district judge has discretion to allow class members to identify themselves with their own testimony and to establish mechanisms to test those affidavits as needed"); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 250 (N.D. Ill. 2014) ("Should a putative class member's records fail to indicate that she received a political survey call with a free cruise incentive, she may in addition to her records provide a sworn statement at an appropriate point during the litigation"). Judge Norgle cited *Birchmeier* for this very proposition. ECF Doc. 121, at 2.

Lifewatch does not cite *Mullins* or *Birchmeier* in its opposition. Indeed, Lifewatch does not cite a single Seventh Circuit case supporting its over-inclusivity argument. Instead, it includes a hodge-podge of distinguishable cases from various jurisdictions, most of which were decided decades ago. The others dealt with direct notice to groups of individuals that bore no relationship to the certified class, unlike here where the evidence suggests that most of Lifewatch's customers were obtained through telemarketing. *See, e.g., Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 00214 CM, 2010 WL 5187746, at *7 (S.D.N.Y. Dec. 6, 2010) ("Although individual notice to an overinclusive list may be permitted if the list also contains all known class members, that is not the case here. The list of email addresses, while limited to New York, may not necessarily correspond to customers who were denied a valid price match. There is no evidence that Best Buy collected a customer's email address when they sought a price match and there is no evidence that customers who were denied a price match shared their email address with Best Buy at some other time"); *Yeoman v. Ikea U.S. W., Inc.*, No. 11CV701 WQH BGS, 2013 WL 5944245, at *6 (S.D. Cal. Nov. 5, 2013) ("In this case, like in *Jermyn*, there is *no link* between individuals who may have provided their email addresses at some point between February 10, 2010 and February 28, 2011, and individuals who are members of the class. The list of 1.6 million individuals who gave Ikea their email addresses for a wide variety of purposes *bears no reasonable relationship* to the group of individuals whose zip codes were requested and recorded in conjunction with a credit card transaction") (emphases added).

## II. NO CURATIVE NOTICE WILL BE NECESSARY

While Lifewatch's argument that a curative notice may be necessary is premature, as this motion seeks only to compel contact information rather than to approve a notice plan, it is also meritless. Under either the class identified in the settlement proposal the parties have discussed

4

with Your Honor *or* the class as certified by Judge Norgle, Lifewatch's customers are going to receive notice.  Lifewatch's position would be more justifiable if it retained contact information for every person in the United States who received TCPA-violative telemarketing calls on its behalf, and Plaintiffs were proposing to send notice to all of those individuals, Lifewatch (purposely) does not have that information, and Plaintiffs are not making that request. Lifewatch's argument is, in essence, an argument against approving publication notice, not an argument against granting this Motion.

Lifewatch's further concerns that it will be prejudiced by providing notice to its customers is, quite frankly, one of the risks of violating the TCPA on a massive scale.  No defendant wants to provide notice to its customers that it engaged in illegal activity, and Plaintiffs cannot blame Lifewatch for its reticence in this regard.  But the fact remains that Lifewatch is the defendant in a certified class action, and part of being a defendant in a certified class action means informing class members of that fact.  Any negative repercussions from this reality are of Lifewatch's own making, as sending notice to its customers – which, again, is not even the focus of this Motion – is appropriate for the reasons discussed above.

### III.   GRANTING THIS MOTION WILL NOT IMPLICATE ANY PRIVACY CONCERNS FOR LIFEWATCH'S CUSTOMERS

Plaintiffs are sensitive to the fact that Lifewatch's services pertain to "personal medical issues."  Lifewatch Opp. at 7.  Plaintiffs have not sought to compel any personal or medical information, only the limited contact information that will be necessary to provide class notice. None of the relevant categories of information (name, mailing address, email address) are private or confidential, and are in fact the most bare-bones facts required for any direct notice plan. Lifewatch's generic citations to cases holding that privacy interests are relevant to discovery disputes (again, all from other jurisdictions) do not suggest that Plaintiffs' request is improper.

5

And, of course, Plaintiffs will safeguard this basic contact information in accordance with the governing Confidentiality Order in this case. ECF Doc. 61.

Dated: July 17, 2018

Respectfully submitted,

By: */s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
**LITE DEPALMA GREENBERG, LLC**
kcarroll@litedepalma.com
kshamberg@litedepalma.com
111 W. Washington Street
Suite 1240
Chicago, IL 60602
312.750.1265

Peter S. Lubin, Esquire
**DITOMASSO LUBIN P.C.**
17W 220 22nd Street
Suite 410
Oakbrook Terrace, IL 60181
630.333.0002
Fax: 630.333.0333

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Reply in Further Support of Motion to Compel Class List for Purposes of Class Notice** was filed this 17th day of July 2018 via the Court's electronic filing system and was thereby served on all counsel of record.

*/s/ Katrina Carroll*