UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> ISMAEL SALAM, individually, <br><br> Plaintiff, <br><br> v. <br><br> LIFEWATCH, INC., a New York corporation, <br><br> Defendant. | Case No. 1:13-cv-9305 <br><br> Hon. Charles R. Norgle, Sr. <br><br> Magistrate Sidney I. Schenkier |

## PLATINFFS' MOTION TO COMPEL DISCOVERY

In this certified class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, Plaintiffs Robert Hossfeld and Ismael Salam bring this motion to compel Defendant Lifewatch, Inc. to produce certain specifically identified documents that relate to Lifewatch's practices of: (1) hiring telemarketers to make robocalls on its behalf, to sell its medical alert services; (2) maintain control over, and directing the activities of, those telemarketers; and (3) working with those telemarketers to minimize or avoid the repercussions of their unlawful behavior. Defendant objects to producing these documents on the sole basis that they predate the relevant class period. In support of this motion, Plaintiffs state as follows:

1. Pursuant to the Court's January 8, 2019 Order (ECF Doc. No. 184) on January 14, 2019 Lifewatch provided to Plaintiffs a written response to their outstanding requests for production identifying which documents it would agree to produce, and to which it still objected. *See* **Exhibit A** (setting forth the specific request, whether Lifewatch will agree to produce, and

762864.1

the grounds for any remaining objections).

2. On January 17, 2019, Plaintiffs' counsel and defense counsel met and conferred telephonically and were able to resolve their disputes as to several individual document requests. Nevertheless, Plaintiffs file this motion to address one specific category of documents Lifewatch still refuses to produce: relevant documents that predate the class period.

3. Plaintiffs have been appointed as representatives for a class of all individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch <u>from October 16, 2013 through the present</u> (emphasis added).

4. Up through at least May 2013, Lifewatch was in a business relationship with Worldwide Info Services, Inc. ("Worldwide"), a telemarketer Lifewatch used to place cold calls on its behalf. In January 2014, the FTC commenced an action against Worldwide and others for deceptive and abusive telemarketing services. *See FTC v. Worldwide Info Systems, Inc., et al.*, 6:14-cv-8-ORL-28DAB.

5. Lifewatch is in possession of a number of documents reflecting its dealings with Worldwide. These documents show that Lifewatch: (1) was aware that Worldwide was violating the TCPA; (2) was aware of the illegality of this conduct and potential repercussions; (3) was instructing Worldwide not to identify Lifewatch as the company behind the products to the individuals it robocalled; and (4) was approving scripts for use on these telemarketing calls and otherwise maintaining direction and control over the enterprise.

6. In response to Plaintiffs' requests for several dozen of these documents, Lifewatch objected on the basis that they are irrelevant because they predate the class period.

762864.1

*See* Ex. A, *passim*; *e.g. id.* at pg. 2, first row; pg. 3, rows 2, 3, 4 ("Given that this email precedes the class period, defendant objects inasmuch as this request: is overbroad, unlimited in scope, calls for production of information that is irrelevant and not reasonably calculated to lead to admissible discovery").

7. Of course, as is plain from Exhibit A, none of these requests is "overbroad" or "unlimited in scope" as each requests a particular document, identifiable by Bates number. The documents requested are also relevant and admissible. Not only do they reveal Lifewatch's history of conduct and prior violations of the TCPA, conduct that continued into and throughout the class period in largely the same fashion, through other new telemarketers (and even an ongoing marketing relationship with different principals from Worldwide itself), they are directly relevant to showing the control Lifewatch maintained over its telemarketers and subjective awareness that its marketing strategy of flooding consumers with robocalls was unlawful, making its continuing violations willful and knowing and, pursuant to section 227(b)(3)(C) of the TCPA, entitling Plaintiffs to treble the relevant statutory damages.

8. In a January 17, 2019 email following the parties' meet and confer, defense counsel expanded upon his objection, stating that these documents are irrelevant because: "1) the class period begins on October 16, 2013; 2) record evidence shows that Lifewatch's relationship with Worldwide ceased in May 2013; and 3) the FTC litigation emails you are seeking (and to which we've objected) are by and between Lifewatch and Worldwide, or otherwise pertain to Worldwide." *See* **Exhibit B**.

9. None of this obviates the relevance Plaintiffs discuss above. Lifewatch's course of conduct with Worldwide makes its failure to correct its past mistakes and decision to go on engaging in illegal robocalling even more problematic and is evidence of Lifewatch's knowledge

762864.1

at the commencement of the class period.  Any arguments Lifewatch may have as to why such documents may not be admissible at trial to prove a specific contention are not germane to whether they are relevant to *any* issue in the case, and therefore discoverable.  They are, and they should be produced.  *See, e.g., Murata Mfg. Co. v. Bel Fuse, Inc*., 422 F.Supp.2d 934, 945 (N.D.Ill.2006) (relevant information encompasses "'any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue* that is or may be in the case.'") (emphasis added) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

10.     Accordingly, Plaintiffs request that the Court order Lifewatch to produce all documents identified in Exhibit A to which Lifewatch objects on the sole basis that they predate the class period.

## LOCAL RULE 37.2 CERTIFICATION

11.     As noted above, Kyle Shamberg, counsel for Plaintiffs and the class, and Joseph Lipari, counsel for Lifewatch, conducted a telephonic meet-and-confer pursuant to Local Rule 37.2 on January 17, 2019, in an effort to resolve their discovery dispute.  That effort was unsuccessful to the extent outlined above.

Dated: January 21, 2019                                    Respectfully submitted,

                                                By:     */s/ Katrina Carroll*
                                                        Katrina Carroll
                                                        Kyle A. Shamberg
                                                        **LITE DEPALMA GREENBERG, LLC**
                                                        kcarroll@litedepalma.com
                                                        kshamberg@litedepalma.com
                                                        111 W. Washington Street
                                                        Suite 1240
                                                        Chicago, IL 60602
                                                        312.750.1265

                                                        Peter S. Lubin, Esquire

4

762864.1

**DiTomasso Lubin P.C.**
17W 220 22nd Street
Suite 410
Oakbrook Terrace, IL  60181
630.333.0002
Fax: 630.333.0333

*Attorneys for Plaintiffs and the Class*

762864.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Motion to Compel Class List for Purposes of Class Notice** was filed this 21st day of January 2019 via the Court's electronic filing system and was thereby served on all counsel of record.

*/s/ Katrina Carroll*

762864.1