**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT HOSSFELD, on behalf of himself and all others similarly situated, and ISMAEL SALAM, individually,     ) ) ) ) | Case No. 1:18-cv-1061 |
| Plaintiffs,     ) ) ) | Hon. Charles. R Norgle |
| v.     ) ) ) | Magistrate Gabriel A. Fuentes |
| LIFEWATCH, INC.,     ) ) ) | |
| Defendant.     ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs Robert Hossfeld and Ismael Salam ("Plaintiffs") and Defendant Lifewatch, Inc. ("Defendant") (collectively the "Parties") submit this joint status report in advance of the July 18, 2019 status conference before Magistrate Judge Gabriel A. Fuentes.

    **1.**    **Description of Claims and Relief Sought**

        **A.**  **Claims and Defenses**

Plaintiffs allege that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by engaging in a robocall campaign designed to sell medical alert systems. Defendant has raised several defenses to the case on the merits. Judge Norgle granted class certification in September 2016, ECF Doc. 121, certifying a Class comprised of "[a]ll individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch from October 16, 2013 through the present."

        **B.**  **Relief Sought and Damages**

Plaintiffs seek statutory damages for each TCPA violation under 47 U.S.C. § 227(b)(3)(B), which permits $500 for each violation ($1,500 if willful or knowing).

    **2.**    **Referral**

Judge Norgle's magistrate referral encompasses all pretrial matters. *See* ECF Doc. 102.

3.      **Discovery Schedule**

Fact discovery is completed.  The Parties are engaged in expert discovery.  *See* ECF Doc. 197.

Plaintiff has not designated and will not rely upon any expert witness(es).  Defendant's disclosures are due

July 29, 2019, and expert depositions are to be completed by August 30, 2019.  *Id.*

4.      **Consideration of Issues Concerning ESI**

Though the Parties have not entered into a formal agreement regarding the exchange of ESI, as

noted above, fact discovery is completed and the Parties do not anticipate any future issues related to the

production or exchange of electronically-stored information.

5.      **Settlement**

The Parties have engaged in periodic settlement discussions throughout the litigation of this case,

including with the help of Magistrate Schenkier.  These efforts have not been successful to date, and the

Parties do not believe a settlement conference would be productive at this time, for the reasons explained in

Section 7, below.

6.      **Magistrate Judge Consent**

The Parties do <u>not</u> unanimously consent to conduct the trial of this matter before Judge Fuentes.

7.      **Pending Motions**

There are no pending motions.  However, Defendant settled a consumer fraud and pre-recorded

telemarketing case with the Federal Trade Commission on July 1, 2019.  In accordance with that settlement,

which includes broad injunctive relief and a $2 million monetary payment, money paid will be deposited

into a fund used for equitable relief, including consumer redress.  In view of this settlement and its terms,

Defendant intends to move for de-certification of the Class.

Plaintiffs are currently reviewing the terms of the settlement between Defendant and the FTC and

conferring with counsel for the involved parties in order to evaluate the scope and propriety of the relief the

settlement makes available to the Class in this case.  That evaluation will inform Plaintiffs' response to

Defendant's anticipated motion to decertify.

8.      **Trial**

Plaintiffs request a jury trial of this matter.  Following resolution of Defendant's motion for

decertification, both Parties intend to move for summary judgment.  The matter will be ready for trial upon

resolution of those dispositive motions.

Dated:  July 15, 2019

**CARLSON LYNCH, LLP**                          **THE SULTZER LAW GROUP, P.C.**

_/s/ Katrina Carroll_                          _/s/ Joseph Lipari_
Katrina Carroll                                 Joseph Lipari, Esquire
kcarroll@carlsonlynch.com                       liparij@thesultzerlawgroup.com
Kyle A. Shamberg                                14 Wall Street, 20th Floor
kshamberg@carlsonlynch.com                      New York, NY 10005
111 W. Washington Street, Suite 1240            212.618.1938
Chicago, IL 60602
312.750.1265                                    **_Attorneys for Defendant Lifewatch, Inc._**

**_Attorneys for Plaintiffs and the Class_**