

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>ISMAEL SALAM, individually,<br><br>Plaintiff,<br><br>v.<br><br>LIFEWATCH, INC., a New York corporation,<br><br>Defendant. | Case No. 1:13-cv-9305<br><br>Judge Charles R. Norgle |

## ORDER

Before the Court is Defendant's motion for decertification [212]. For the following reasons, the motion is denied.

## STATEMENT

On September 6, 2016, this Court granted Plaintiff's Rule 23 Motion to Certify a Class. Dkt. 121. The parties report that all discovery has now been completed. Dkt. 203. Defendant now moves to decertify the class, based entirely on a settlement reached in a case between the Federal Trade Commission, et al., and Lifewatch Inc, et al. Fed. Trade Comm'n v. Lifewatch Inc., 176 F. Supp. 3d 757 (N.D. Ill. 2016).

Defendant argues that the recent settlement with the Federal Trade Commission ("FTC") involves the "same controversy at issue" as this case and "provides more than adequate relief to class members." Dkt. 209 at 1. Therefore, says Defendant, this class action is no longer a superior mechanism for adjudicating Plaintiff's claims, and the class should be decertified.

This Court granted Plaintiff's motion to certify a class consisting of: "All individuals in the United States who received one or more phone calls directed to a telephone number assigned to a cellular service using an automated telephone dialing system or an artificial or prerecorded message made by, on behalf of, or for the benefit of Lifewatch, from October 16, 2013 to the present." Dkt. 121, Ex. C. The individuals who received these calls had the option to be connected to a salesperson and make a purchase, but were not directly contacted by a salesperson and did not necessarily purchase anything from Defendant.

On July 1, 2019, in the FTC litigation, Lifewatch and other defendants entered into a Stipulated Order for Permanent Injunction and Monetary Judgment ("the Settlement"). Dkt. 204, Ex. A. That litigation with the FTC involved allegations of consumer fraud and pre-recorded telemarketing, but did not specifically implicate the Telephone Consumer Protection Act ("TCPA"). That settlement provides: (1) permanent injunctive relief preventing any future

1

telemarketing; (2) consumer notification of settlement; (3) consumer refunds; (4) and $2 million monetary payment to the FTC, to potentially be distributed as equitable compensation for consumer redress.

Defendant cites Kamm v. California City Development Corp., 509 F.2d 205 (9th Cir. 1975), and its progeny to argue for decertification. In that case, the Court affirmed the dismissal of a class action on superiority grounds after a settlement with the California Attorney General and Real Estate Commissioner. The Court first notes that Kamm is not binding on this Court, and Defendant cites no controlling or persuasive law from this Circuit. Even applying the seven factors articulated by the Kamm court, this case is distinguishable. The factors in Kamm include expenditure of judicial resources, the complexity of the case, and the cost of defense. Given the age of this case and the fact that discovery is complete, these concerns are significantly mitigated.

Also, for a number of reasons, this Court finds that the Settlement here did not involve the same controversy as the present class action. This is an action under the Telephone Consumer Protection Act. In contrast, the Settlement involved claims of consumer fraud and false advertising as well as telemarketing. As Defendant argued in its opposition to Plaintiff's motion to compel discovery, the "claims and issues in [the FTC] matter are different than those before this Court. The claims in the FTC Action arise under different statutes and regulations . . . implicate different time periods, and address issues that are not before this Court on Plaintiff's TCPA claim . . ." Dkt. 73 at 1, 2; see also Dkt. 189.

The relief afforded by the Settlement is also not sufficient to justify decertification of the class in this lawsuit. First, refunds are not necessarily compensatory for this class, as it is possible that no one in this class even made a purchase. Many of the cases cited by Defendant involve Plaintiffs that sought refunds. See Imber-Gluck v. Google Inc., No. 5:14-CV-01070-RMW, 2015 WL 1522076, at *2 (N.D. Cal. Apr. 3, 2015) ("Google maintains that a class action is not superior because the relief plaintiffs seek (refunds of the In–App Purchases) is already available through the FTC settlement").

The Settlement does provide that Defendants will deposit $2 million into an FTC fund to potentially be used for equitable relief. However, the FTC has discretion whether and how these funds will be used. The Court acknowledges that some courts have decertified classes even when it is possible that not every member of the class will be compensated. See Kamm v. California City Development Corp., 509 F.2d at 208. However, it is possible that the millions of people included in this class—and those who in fact did not even make a purchase—will receive nothing from the FTC Settlement.

The Settlement does not warrant decertification, and the motion [212] is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 3, 2020

2